FIRST NATIONAL BANK OF FORT ATKINSON, Appellant, vs. WISCONSIN TAX COMMISSION, Respondent.

*October 13—November 11, 1930.*

For the appellant there was a brief by *Clarence R. Hicks* of Madison, attorney, and *M. W. Sweet* of Madison and *Weed & Hollister* of Oshkosh of counsel, and oral argument by *Mr. Sweet* and *Mr. Hicks.*

For the respondent there was a brief by the *Attorney General* and *A. L. Hougen* of Manitowoc, special counsel, and oral argument by *Mr. Hougen.*

FAIRCHILD, J.  One having under protest turned his money over in payment of an invalid tax and followed his protest with suits to recover the amount, has preserved his title to the fund.  If the law under which the assessment is made, or the assessment itself, is in fact invalid, the money remains his property.  In regaining possession of it he does not obtain gain or income.  When the property is restored to him at the end of litigation or under a compromise, he

gets back what he originally had. The law contemplates the return of taxes illegally exacted, and a compromise under the circumstances existing in this case must be recognized and dealt with as fixing the rights of the respective parties.

The respondent contends that the appellant has not paid any income tax for the years 1923, 1924, or 1925, and that according to the provisions of the law if the bank contended this tax was invalid it should have made return of its net income and tendered payment under the income-tax plan. In the settlement made between the bank and the city the bank yielded to the city $7,907.88. Just what this may cover in the matter of claims by the city for taxes which might have accrued under the income-tax method is not to be determined here. But in this case we are controlled by the assumption which must persist until explained away, that the claims of both parties to the controversy were considered and adjusted in the settlement agreement.

In 1926 the bank did report in its return of income as a disbursement the local taxes paid in that year on bank stock, and claimed as a deduction the $3,264.47 so paid. One half of this amount was returned to the bank in 1927 and should have been reported there as a taxable receipt. A reasonable construction of the settlement above referred to, under the circumstances, would require the reporting of this $1,632.23 refund, as this would be proper procedure under the receipts and disbursements basis of accounting, the bank having claimed as a deduction the tax first paid and its claim having been allowed.

It follows that the only amount of this refund to be considered as properly a part of the income report is the sum of $1,632.23.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in accordance with this opinion.