Ralph H. SCHULZ, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent.†

Court of Appeals

*No. 82–1642. Submitted on briefs August 22, 1983.—
Decided October 11, 1983.*
(Also reported in 340 N.W.2d 563.)

For the appellant the cause was submitted on the briefs of *Ralph H. Schulz,* pro se, of Milwaukee and Naples, Florida.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  The sole issue on appeal is whether Ralph Schulz, a taxpayer operating on a cash basis, is required

† Petition to review denied.

to report as income the entitled refund of state income tax withheld and claimed as an itemized deduction in his previous year's tax return. We conclude that the entitled refund must be reported as income even though the taxpayer may elect not to receive the refund in cash and elects to apply it as a credit against future income tax liability.

In the years 1968 through 1971, Schulz filed joint federal and combined individual state income tax returns with his wife. His Wisconsin income taxes withheld for 1968 and 1970 were claimed as itemized deductions on both the federal and state tax forms for each of those years. These sums exceeded the amount of their joint state tax liability for 1968 and 1970. Instead of electing to have these overpayments returned in the form of refund checks, Schulz directed the overpayment for 1968 ($1,585.67) and most of the overpayment for 1970 ($2,577.29) be credited to his estimated tax liability for 1969 and 1971.

On his 1969 and 1971 state tax return, Schulz applied the excess from the 1968 and 1970 tax withholdings to his 1969 and 1971 tax liability. Schulz, however, did not report the state income tax overpayment/credits as gross income for federal and state tax purposes in his 1969 and 1971 returns.

The Wisconsin Department of Revenue issued a notice of additional tax due for 1969 and 1971, and Schulz applied for abatement of the additional assessment. The department denied his application stating:

When a tax benefit results from the deduction claimed in a prior year for state income taxes paid, the refund thereof or credit to subsequent year's tax liability constitutes the receipt of taxable income and therefore must be reported as income.

The Wisconsin Tax Appeals Commission upheld the department's determination, and the circuit court subsequently affirmed the commission's decision.

The basic issue is a question of law; namely, whether an overpayment of Wisconsin income taxes claimed as an itemized deduction on a state tax return for one year, must be reported as income when recovered in the form of a credit to Wisconsin income taxes in the subsequent year. Schulz contends that his tax refund/credit was not reportable as income because he, as a cash basis taxpayer, had never "received" the refund.

When reviewing this question, we note that due deference must be accorded an agency's application of law to the found facts when the agency has particular competence or expertise in that area of law. *Wisconsin Department of Revenue v. Milwaukee Refining Corp.*, 80 Wis. 2d 44, 48, 257 N.W.2d 855, 857 (1977). Section 71.02 (2)(e), Stats., defines "Wisconsin adjusted gross income" as "federal adjusted gross income" with modifications as prescribed in secs. 71.05(1) and (4), Stats. Section 71.02(2)(a), Stats., defines "federal adjusted gross income" as "taxable income or adjusted gross income as determined under the internal revenue code or, if redetermined by the department, as determined by the department under the internal revenue code."

Under the "tax benefit rule," if an amount deducted from gross income in one taxable year is recoverable in a later year, the recovery is income in the later year. *First Trust and Savings Bank v. United States*, 614 F.2d 1142, 1144 (7th Cir. 1980). The rule encompasses the recovery of previously deducted taxes and requires that refunds of such taxes are to be treated as income in the year received. *Id.* Although Wisconsin appellate courts have never addressed this particular issue, in *First National Bank v. Wisconsin Tax Commission*, 202 Wis. 423, 427, 232 N.W. 843, 845 (1930), our supreme court recognized the tax benefit rule when holding a refund of a prior property tax deduction includable as income in the

year of refund to the extent the deduction resulted in a prior tax benefit to the taxpayer. The Wisconsin Department of Revenue and the Wisconsin Tax Appeals Commission have consistently applied the tax benefit rule for many years.[1]

Schulz's election not to receive the refund in cash constitutes a constructive receipt of the refund and, under the tax benefit rule, his enjoyment of the deduction in the earlier year requires that the refund be reported as income in the subsequent year. Although Schulz never "received" the tax refund in cash, his use of the refund as a credit against his tax is more than a simple method of accounting under a cash basis system. Here, he simply omitted the refund from his cash method. As the circuit court noted, "where . . . [Schulz] chose to use the refund for tax payment rather than take it in cash, as he had the option to do, it is just as much income as if he took it in cash. No matter what it is called, the choice to apply it to taxes rather than to take cash, is . . . [Schulz's] choice, and he cannot take advantage of his choice to exclude the amount as income; it is a benefit measured in terms of cash and that by any name is income."

*By the Court.*—Judgment affirmed.

---

[1] *See Reed Products, Inc. v. Wisconsin Dep't of Taxation,* 3 W.B.T.A. 104 (1946); *Anderson v. Wisconsin Dep't of Revenue,* 7 W.T.A.C. 205 (1969); and *Bauman v. Wisconsin Dep't of Revenue,* 9 W.T.A.C. 384 (1973).