# IN the MATTER OF the PAYMENT OF WITNESS FEES IN STATE v. HUISMAN: BROWN COUNTY, Appellant,

## v.

# STATE PUBLIC DEFENDER, Respondent.

Court of Appeals

*No. 91-1492. Oral argument January 29, 1992.—Decided February 11, 1992.*

(Also reported in 482 N.W.2d 665.)

On behalf of appellant, the cause was submitted on the briefs of and orally argued by *John C. Jacques* assistant corporation counsel, of Green Bay.

On behalf of respondent, the cause was submitted on the brief of assistant state public defenders *Kenneth P. Casey* of Madison, *William G. Retert* of Fond du Lac and *Henry R. Schulz* of Green Bay; and the amicus curiae brief of *Kenneth P. Casey.* The cause was orally argued by *Kenneth P. Casey.*

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE J. Brown County appeals an order requiring it to pay expenses for three defense experts hired by a private attorney who was appointed by the state public defender (SPD) to represent an indigent criminal defendant. The trial court found that the expert services were necessary for an adequate defense and their fees reasonable. The issue is whether the county should be responsible for reimbursement for defense experts under ch. 977, Stats., in cases where the appointed attorney fails to receive advance authority from the SPD. The SPD concedes that the state budget includes some funds for payment of experts, and concedes responsibility to pay the fees of experts when the assigned counsel follows the procedures set forth in the Wisconsin Administrative Code.[1] The attorney here did not uniformly seek advance approval from the SPD for hiring the experts. The county argues that in light of the ulti-

---

[1]Wis. Adm. Code sec. SPD 2.12(2) provides:

If a private attorney assigned under these provisions finds it necessary to retain expert assistance, the attorney shall apply to the state public defender for permission to retain that expert assistance. The state public defender may approve the request. In the event of approval, the state public defender shall provide reimbursement for the assistance.

mate judicial determination that the experts were necessary, the alleged failure to follow the proper procedures is a matter between the SPD and the assigned attorney. We conclude that because the trial court found that the fees were reasonable and that the experts were necessary to provide an indigent defendant with due process and a fair trial, the SPD is obligated to pay. The order is therefore reversed and the matter remanded for an order directing the SPD to provide reimbursement.

The facts are as follows: Attorney Royce Finne, a private attorney, was appointed by the SPD's office to represent Brian Huisman, who was indigent. Huisman was charged with first-degree intentional homicide. Huisman pled not guilty and not guilty by reason of mental disease or defect. Because the case concerned Huisman's mental state at the time of the homicide, Finne sought the services of three experts.

## DR. TERRY COBABE, PSYCHOLOGIST

Finne filed a request with the SPD's office in Green Bay for approval to hire Dr. Terry CoBabe, a psychologist, to assist in the juvenile court waiver proceedings and address the waiver criteria under sec. 48.18, Stats., as applicable to Huisman. Finne requested approval for $500. The Green Bay SPD's office sent Finne a letter stating that only $400 would be approved. In the letter it was stated: "If you believe that the amount of money I am approving is insufficient, please advise. The State Public Defender will not be responsible for payment of amounts that are not preapproved." Later, Finne submitted a voucher to the SPD requesting $615.36 for payment, but the SPD paid only the approved $400.

## DR. JOHN MARSHALL, PSYCHIATRIST

Finne initially did not formally request permission to hire Dr. John Marshall as a psychiatric expert for trial, but allegedly contacted the SPD's office by telephone. He said he was advised to seek court approval to hire Dr. Marshall as a psychiatric expert for trial pursuant to *Ake v. Oklahoma*, 470 U.S. 68 (1985). That case holds that once a defendant makes a preliminary showing that his sanity at the time of the offense is likely to be significant at trial, the United States Constitution requires that a state provide access to a psychiatrist's assistance for an indigent defendant. Later, after Marshall was already hired, the SPD denied Finne's request for reimbursement in the amount of $1,046.25.

## DR. DONALD DEROZIER, PSYCHOLOGIST

Dr. Donald Derozier, a psychologist and the third expert witness, was originally appointed by the juvenile court to conduct a psychological examination upon Huisman. Derozier concluded that Huisman did in fact suffer from a mental disease or defect such that he was unable to conform his conduct to the requirements of the law. Based upon the report, Finne then asked Derozier to re-examine Huisman shortly before trial. After the examination, Derozier prepared an additional report with the same conclusion. He was asked to testify by Finne, and did so. Finne never sought prior approval from either the SPD or the court for Derozier's services in the sum of $2,425.20.[2]

---

[2]The SPD suggests that because Derozier had already been appointed by the court to examine Huisman, Finne could have merely subpoenaed him pursuant to sec. 907.06, Stats. Even if this were true, the statute does not suggest compensation by the county. Section 907.06(2), Stats., provides: "Expert witnesses so

After Huisman's trial, the court heard Finne's motion regarding payment for the three experts and it found that the costs were reasonable and necessary. No one disputes the circuit court's inherent authority to ultimately decide the necessity of defense consultants for an indigent criminal defendant, *see In re Lehman,* 137 Wis. 2d 65, 76, 403 N.W.2d 438, 443–44 (1987) (courts retain the inherent power to appoint counsel for an indigent defendant where the SPD fails to act), nor is there a challenge to the court's factual findings that the experts were necessary and their fees reasonable.

The circuit court reasoned that because none of the exceptions to the county's responsibility for costs of operation of the circuit court under sec. 753.19, Stats., applied, the county was responsible for payment of the fees. Section 753.19 provides:

> The cost of operation of the circuit court for each county, except for the salaries of judges and court reporters provided to be paid by the state, and except for the cost assumed by the state under this chapter and chs. 40 and 230, and *except as otherwise provided,* shall be paid by the county. (Emphasis added.)

appointed are entitled to reasonable compensation in whatever sum the judge may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases . . .." Section 977.02(2), Stats., provides that the SPD submit a budget for the operations of the office and that appropriation admittedly includes sums for expert witnesses.

Although the parties have not addressed sec. 885.10, Stats., relating to county payment of witnesses, it appears that this section only provides for payment of the statutory fee for attendance of subpoenaed witnesses. *See Philler v. Waukesha County,* 139 Wis. 211, 218, 120 N.W. 829, 831–32 (1909), a case dealing with a predecessor statute to sec. 885.10, sec. 4062, Stats. (1898).

Section 977.05(4)(h) and (i), Stats., establishes the relevant duties of the state public defender:

> (h) Accept requests for legal services from indigent persons entitled to counsel under s. 967.06 or otherwise so entitled under the constitution or laws of the United States or this state and provide such persons with legal services when, in the discretion of the state public defender, such provision of legal services is appropriate.
>
> (i) Provide legal services in:
>
> 1. Cases involving persons charged with a crime against life under ss. 940.01 to 940.12.

This case involves the interpretation of statutes, which we review de novo. *State v. Sher,* 149 Wis. 2d 1, 8, 437 N.W.2d 878, 880 (1989). In determining legislative intent, statutes relating to the same subject matter should be read together and harmonized if possible. *Edelman v. State,* 62 Wis. 2d 613, 619, 215 N.W.2d 386, 389 (1974). It is a cardinal rule of statutory construction, however, that when a general and a specific statute relate to the same subject matter, the specific statute controls. *Raisanen v. City of Milwaukee,* 35 Wis. 2d 504, 516, 151 N.W.2d 129, 136 (1967). *State v. Ramsay,* 16 Wis. 2d 154, 166, 114 N.W.2d 118, 124 (1962), holds that the power to order a public agency to perform an act exists if there is a statute that imposes upon the public agency the duty to perform.

Section 977.05, Stats., does impose a duty to perform. Inherent in the obligation to provide "legal services" is the obligation to provide expert assistance when it is essential to the legal defense. The SPD contends that the limited size of the private bar appropriation in the state budget is an indication of the legislative

intent to impose partial responsibility upon the counties for payment. An inadequate budget, however, is too obscure a method to establish the legislature's intent regarding ch. 977, adopted in 1977. Chapter 977 is a comprehensive state-wide program to provide legal services to indigents. The SPD concedes that appointment of defense experts is part of this comprehensive scheme. The size of the budget is therefore not determinative of legislative intent.

■

The SPD, however, would have us limit that duty to cases where the private attorney has exhausted his administrative remedies. In other words, the attorney would first seek advance approval under Wis. Adm. Code sec. SPD 2.12(2), and, if unsuccessful, appeal the ruling to the SPD board under § SPD 4.03, and finally seek judicial review under the provisions of ch. 227, Stats., the Wisconsin Administrative Procedure Act. We disagree.

First, it is conceded that the court has the inherent authority to rule on the matter of expert witnesses for an indigent defendant. The inevitable delay in a ch. 227, Stats., resolution by a court other than the one presiding over the criminal trial is inconsistent with the efficient administration of the courts. Neither ch. 977, Stats., nor the SPD administrative rules contemplate this cumbersome procedure in order to resolve SPD responsibility for the expenses. We also note that § SPD 4, entitled "Private Attorney Payment," and § SPD 4.03, which deals with appeals, is directed at the method of billing and resolving disputes over attorney fees and not expert witnesses.

■

Even if ch. 227, Stats., and § SPD 4.03 are not implicated, however, according to the SPD, the legisla-

ture intended to impose SPD responsibility only where the appointed attorney at least complies with § SPD 2.12(2). The SPD suggests that if state payment is not so limited, there is no effective method of controlling program costs. We disagree. The court found the experts necessary and the fees reasonable. Thus, even with § SPD 2.12(2) compliance, the result would presumably be the same. Further, while this appeal does not present the question of the SPD's remedies when an attorney fails to abide by his contract and the regulations, the contract itself and the SPD's power to promulgate rules in performance of its duties, sec. 977.02(8), Stats., provides adequate safeguards against abuses.[3] Moreover, the attorney who waits until the expenses are incurred before seeking approval takes the risk that the court will disapprove.

For the preceding reasons, we reverse the order and remand for entry of an order requiring the SPD to reimburse for the approved expenses of the expert defense witnesses.

*By the Court.*—Order reversed and cause remanded with directions.

---

[3]This discussion should not be read as a criticism of attorney Finne. Finne did not participate in this appeal, and the record does not reflect what if any time restraints, customary practices or other factors may explain the partial failure to receive SPD approval.