IN the INTEREST OF EILEEN K.C., A Person Under the Age of 18:

BROWN COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant,

v.

C., LYDIA E., Respondent.†

Court of Appeals

*No. 92-1607. Submitted on briefs November 3, 1992.—Decided November 24, 1992.*

(Also reported 493 N.W.2d 264.)

†Petition to review granted.

On behalf of appellant, the cause was submitted on the brief of *Nancy B. Miller*, assistant corporation counsel, of Green Bay.

On behalf of respondent, the cause was submitted on the brief of *John A. Evans* of *Evans, Venci, Camilli & Bowman* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

LaROCQUE, J.   Brown County appeals an order authorizing attorney John A. Evans, appointed by the State Public Defender (SPD) to represent one of the parents in a termination of parental rights action, to pay expert witness fees and to submit the bills to the court "for reimbursement from Brown County." The order also provides that "Brown County may seek reimbursement from the State Public Defender's Office as it deems

---

[1] This has been issued as a three-judge opinion pursuant to the chief judge's order dated November 20, 1992.

appropriate under the circumstances."[2] Because the county is not responsible for defense expert's fee under *In re Payment of Witness Fees in State v. Huisman*, 167 Wis. 2d 168, 175-76, 482 N.W.2d 665, 668 (Ct. App. 1992), the order is reversed. The matter is remanded to the trial court with instructions to permit the SPD to appear and be heard regarding any proposed order holding that agency liable for the fees.

This appeal arises out of a termination of parental rights (TPR) proceeding. The guardian ad litem for a minor, Eileen K. C., petitioned to terminate both parents' rights. The SPD appointed Evans to represent the child's indigent and imprisoned mother, Lydia E. C. Evans obtained an order authorizing him "as appropriate to subpoena expert witnesses, pay their expert witness fees and mileage . . .." Evans, according to the order, is to pay the charges and submit the bills to the court for reimbursement from Brown County. The county in turn must pay Evans and "may seek reimbursement from the State Public Defender's Office as it deems appropriate under the circumstances." The county does not contest the balance of the order, conceding "the other fees and expenses are payable by the County per secs. 757.57(2) and (4) and 885.10, Stats."

After issuing the order, the circuit court granted Evans' motion to stay the TPR action. Evans' affidavit in support of his motion asserted that the county was going to appeal the court's order. His affidavit included the following statements:

---

[2] This court granted leave to appeal pursuant to sec. 809.50, Stats., on July 23, 1992, but did not stay the underlying TPR proceeding.

9. That your affiant has dealt with the State Public Defender's Office in the past for payment of his costs.

10. That in your affiant's opinion, State Public Defender's Office will not pay any type of cost whatsoever and your affiant has been advised by Attorney Henry Schultz of the State Public Defender's Office that they have no intention of paying for any of the costs in this matter except statutory costs directly chargeable to the Public Defender as outlined in their statement of direction to attorneys, a copy of which has already been filed by affiant with the Court.

11. That a stay in this matter is necessary to determine who is going to pay for your affiant's out-of-pocket costs in defending this action . . ..

12. That your affiant believes that approximately $5,000 to $10,000 worth of disbursements will have to be paid before this case is finished.

13. That this will involve the hiring of psychologists and perhaps even a psychiatrist at the rate of anywhere from $85.00 to $150.00 per hour.

14. That your affiant does not have the ability to fund this case for free.

15. That in affiant's experience of dealing with governmental agencies they are unreasonable.

16. That the only thing standing between the mother of this child and her being processed through the system is your affiant.

17. That your affiant believes that the Guardian ad Litem is being paid twice as much as affiant.

18. That affiant has asked both the State Public Defender and the Corporation Counsel to pay these bills upon receipt.

19. That the Public Defender has indicated they are unwilling to pay these bills.

20. That the Corporation Counsel indicates that they are going to appeal the Court's order.

21. That this affiant requests a stay in this matter until this issue is resolved once and for all having had this issue in at least four other cases.

22. That your affiant is not a bank or savings and loan institution who can make loans for cases without interest . . ..

Evans seeks affirmance of the trial court order or, alternatively, if the order is reversed, a remand with instructions to make the SPD a party to this action. The county receded from its original position and concedes its liability for costs other than those for defense experts.

*Huisman* did not impose county liability for defense expert's fees; to the contrary, it rejected such a contention by the SPD. That case held that the trial court has the inherent authority to rule on the matter of expert witnesses for an indigent defendant. *Id.* at 175, 482 N.W.2d at 668. *Huisman,* however, does not suggest that defense counsel may routinely avoid the requirement of prior approval from the SPD. *Huisman* held the SPD liable for defense experts when the SPD did not challenge the trial court's finding of fact that the experts were necessary and their fees reasonable. In the present circumstances, the SPD has not had the opportunity to be heard with respect to either the necessity or the reasonableness of the costs and fees. We therefore reverse and remand for further proceedings whereby the SPD is given this opportunity.

It should be emphasized that the SPD's rules requiring advance approval of experts' fees should not be lightly disregarded. While there may be extraordinary instances where the trial court must exercise its inherent powers, in this circumstance it should be done only as a last resort. The record here does not support the conclu-

sion that avoidance of the SPD's rules were essential to preserve the mother's rights.

To emphasize this point, subsequent to *Huisman* the legislature adopted sec. 977.05(4r)(a) and (b), Stats. These provisions explicitly limit the SPD's authority to provide reimbursement for expert services where assigned private counsel does not receive authorization to retain the expert, and to require compliance with SPD rules promulgated under sec. 977.03(2).

Because the question has not been briefed, this court does not discuss the appropriate procedure on remand to invoke participation by the SPD, such as sec. 803.09, Stats., the intervention statute, or sec. 803.06, permitting the court to join parties on its own motion.

*By the Court.*—Order reversed and cause remanded with directions.