IN the MATTER OF the PAYMENT OF WITNESS FEES IN STATE v. Bruce BRENIZER, POLK COUNTY CASE NO. 92 CF 45:

POLK COUNTY, Appellant,

v.

STATE PUBLIC DEFENDER, Respondent.†

Court of Appeals

*No. 93–0065. Submitted on briefs June 21, 1993.—Decided September 14, 1993.*

(Also reported in 507 N.W.2d 576.)

†Petition to review granted.

On behalf of appellant, the cause was submitted on the brief of *Joseph P. Guidote, Jr.*, Polk County corporation counsel, of Balsam Lake.

On behalf of respondent, the cause was submitted on the brief of *Mark Lukoff*, assistant state public defender, of Milwaukee.

On behalf of Wisconsin Counties Association, an amicus brief was filed by *Robert Horowitz* of *Stafford, Rosenbau, Rieser & Hansen* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Polk County appeals a trial court order appointing defense experts at county expense in the trial of Bruce Brenizer. The county argues that sec. 977.05, Stats., requires experts be paid by the state public defender (SPD), and that the trial court erred as a matter of law by ordering it to pay for Brenizer's experts. Because we agree with the county, we reverse and remand for entry of an order directing payment through the office of the SPD.

While preparing for Bruce Brenizer's trial for first-degree intentional homicide, his state public defender, John Kucinski, filed motions for *Ake* experts.[1] At the time, the SPD had already spent $15,660 on expert assistance. Kucinski's motions were based on the belief that expert assistance was critical to Brenizer's defense and the SPD's refusal to provide additional funds for experts. The motion requested experts be appointed at Polk County's expense.

The court initially entered an order appointing experts and requiring "the State . . . and/or Polk County" to pay the expenses. One week later, Polk County corporation counsel moved to intervene and to

---

[1] *Ake v. Oklahoma*, 470 U.S. 68 (1985), requires an indigent defendant be provided with expert assistance when he has made a showing that his sanity at the time of the offense is likely to be a significant factor at trial.

vacate the portion of the order requiring the county to pay for *Ake* experts. Kucinski objected, asserting lack of standing and the impropriety of applying the civil intervention statutes to a criminal case. The SPD, as a non-party, asserted that the court lacked jurisdiction over the SPD, asserted the defense of sovereign immunity and argued that Polk County was responsible for the costs of experts. The chief of the trial division of the SPD filed an affidavit stating the SPD had already spent $15,660. At the conclusion of a hearing on the matter, the court entered an order that Polk County pay for the defense experts. Polk County appeals.

We begin by addressing some procedural matters. The SPD argues that this appeal should be dismissed because the county improperly intervened in the trial court. The SPD claims that intervention is a rule of civil procedure inapplicable to criminal trials, and that even if the county could intervene under sec. 803.09, Stats., the county does not meet the statutory requirements in this case.

We need not resolve the intervention arguments. Even if the county cannot intervene in the trial court, it has standing to appeal the order. "A right to appeal from a judgment or order . . . is confined to parties aggrieved in some appreciable manner by the court action." *Tierney v. Lacenski*, 114 Wis. 2d 298, 302, 338 N.W.2d 522, 524 (Ct. App. 1983). "A person may be an aggrieved party even though he or she is not a named party to the suit if he or she has a substantial interest adverse to the judgment or order." *In re J.S.P.*, 158 Wis. 2d 100, 107, 461 N.W.2d 794, 796 (Ct. App. 1990). We must liberally construe the law of standing. *Bence v. Milwaukee*, 107 Wis. 2d 469, 478, 320 N.W.2d 199, 203 (1982). The county is aggrieved by the court order

appointing experts at the county's expense and therefore has standing to appeal.

The SPD also argues that this appeal is barred by the doctrine of sovereign immunity. The Wisconsin Constitution, art. IV, § 27, provides, "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." The SPD correctly notes this section prevents the state from being sued without its consent. This immunity extends to state agencies. *Lister v. Board of Regents*, 72 Wis. 2d 282, 291, 240 N.W.2d 610, 617 (1976). The SPD reasons that the county's appeal is effectively a suit within the meaning of art. IV, § 27, because reversal of the court's order would place liability for expert witnesses on the SPD. We disagree.

"The principal question raised by an objection based on the state's sovereign immunity is whether the action, in fact, constitutes a 'suit against the state.' " *Lister*, 72 Wis. 2d at 291, 240 N.W.2d at 617. The fact the state is not named as a party defendant does not conclusively establish that the suit is not against the state; the nature of the relief sought is more dispositive than the character of the parties. *Id.* at 292, 240 N.W.2d at 617. However, the county has not filed a claim or initiated action. The county, in a defensive posture, is merely appealing a court order that, as an aggrieved party, it is entitled to appeal. We decline to characterize an appeal by an aggrieved party as a suit against the state. That the county will prevail on its appeal requiring the SPD to incur statutorily obligated liability does not convert this to a suit against the state.

We next turn to the question of whether the trial court erred as a matter of law by ordering the county to

317

pay the experts' fees. At the hearing on this matter, the court based its decision to make the county pay the experts' fees on its acceptance of the SPD's argument that the legislature had overruled *In re Huisman*, 167 Wis. 2d 168, 482 N.W.2d 665 (Ct. App. 1992), with the enactment of sec. 977.05(4r)(a) and (b), Stats. The trial court's determination thus involves a question of law that we review de novo. *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The county argues that sec. 977.05(4)(h) and (i), Stats., and this court's ruling in *Huisman* are controlling and require the SPD to pay experts' fees. In *Huisman*, a private attorney, appointed by the SPD to represent an indigent client, hired *Ake* experts without first seeking SPD approval. The SPD argued it was not responsible for experts' fees when a private attorney hires experts without following Wisconsin Administrative Code procedures. After comparing sec. 753.19, Stats., to sec. 977.05(4)(h) and (i), we concluded that inherent in the SPD's duty to provide legal services under sec. 977.05 is the obligation to provide expert assistance when essential to a criminal defense. *Huisman*, 167 Wis. 2d at 174, 482 N.W.2d at 668. We therefore held the SPD liable for the fees of experts hired by private attorneys, if their use was found essential to the defense, even when the attorney does not first seek approval of the SPD before hiring them. *Id.* at 175–76, 482 N.W.2d at 668.

Subsequent to *Huisman*, the legislature adopted sec. 977.05(4r)(a) and (b), Stats.[2] The SPD argues that

---

[2] Section 977.05(4r) provides:

**Services reimbursement.** (a) The state public defender may not provide reimbursement for investigative or expert services provided in a case assigned to private counsel under s. 977.08 unless

this section repudiates the holding of *Huisman*. We agree only in part. *Huisman* requires the SPD pay for these services. Section 977.05(4r) explicitly requires compliance with SPD rules promulgated under sec. 977.03(2) and limits the SPD's authority to provide reimbursement for expert services where assigned private counsel does not receive authorization to retain the expert. *In re Eileen K.C.*, 172 Wis. 2d 512, 517, 493 N.W.2d 264, 266 (Ct. App. 1992). Thus, it only overrules the portion of *Huisman* holding the SPD liable for experts' fees incurred *by a private attorney* who has not received prior approval from the SPD for the expenses. Section 977.05(4r) does not overrule the portion of *Huisman* holding that sec. 977.05(4)(h) and (i) evinced the legislative intent that the SPD, rather than the county, provide expert services for indigent defendants. Further, sec. 977.05(4r) is inapplicable to this case; this case does not involve a private attorney's failure to follow SPD guidelines for reimbursement but rather the question of who must pay for experts sought by SPD attorneys.

The SPD cites *In re Lehman*, 137 Wis. 2d 65, 403 N.W.2d 438 (1987), and numerous other cases establishing the court's inherent power to appoint counsel for an indigent defendant at county cost when those expenses are properly characterized as operating costs of the court under sec. 753.19, Stats. It reasons that when the SPD has exhausted its budget for experts, the court has the inherent power and duty to make the

the private counsel has received authorization from the state public defender to retain an investigator or expert.

(b) An authorization under par. (a) shall state a maximum amount that may be reimbursed, and the state public defender may not pay more than that amount except as allowed under the rules promulgated under s. 977.03(2).

319

county pay these expenses as operating costs of the court.

■

Despite the SPD's characterization to the contrary, the record does not reflect the SPD's budget for experts was exhausted. The affidavit of the chief of the trial division, Ellen Berz, only establishes that $6,000 of the $40,000 state-wide homicide fund was spent or encumbered for defense experts. The record does not indicate whether the remaining $34,000 of the state-wide homicide fund had been spent or encumbered. Berz's letter requesting the court to place the expenses on the county never states that the SPD had exhausted its funding, but rather suggests that the SPD district office had exceeded the amount budgeted for experts and she believed the interests of justice required the county share the responsibility for funding an expensive defense.

■

We thus conclude that the SPD, not the county, must bear the cost of the court-ordered defense experts. We reverse the order and remand for entry of an order requiring the SPD pay these costs.

*By the Court.*—Order reversed and cause remanded.