Kurt KOLLER, Richard T. Klunck, Kenneth J. Thelen, Jennifer Thelen, Victoria S. Thelen, a minor, Jacob D. Thelen, a minor, Daniel R. Cordy, Brenda S. Cordy, Deanna R. Cordy, a minor, Daniel J. Cordy, a minor, Judith H. Nack, William P. Junk, Sr., Bonnie L. Junk, Kandie A. Junk, Michael J. Miller and Westfield Insurance Company, Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY and Shopko Stores, Inc., Defendants-Respondents,

CONTINENTAL CASUALTY COMPANY and Howard Immel, Inc., Defendants-Third Party Plaintiffs,

v.

DHO, INC., and Westfield Insurance Company, Third Party Defendants-Appellants.

Court of Appeals

*No. 94–2787. Submitted on motions November 1, 1994.—Decided December 14, 1994.*

(Also reported in 526 N.W.2d 799.)

On behalf of the third party defendants-appellants, the cause was submitted on the responses of *Wayne M. Yankala, Wendy G. Gunderson* and *Daniel L. Zitzer* of *Mingo & Yankala* of Milwaukee.

On behalf of the defendants-third party plaintiffs, the cause was submitted on the motion of *W. Wayne Siesennop and M. Susan Maloney* of *Godfrey, Braun & Hayes* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the motion of *Michael J. Gonring, Jeffrey K. Spoerk and Mitchell S. Moser* of *Quarles & Brady* of Milwaukee.

On behalf of the plaintiffs, the cause was submitted on the motion of *Robert L. Habush, Howard A. Davis and Virginia M. Antoine* of *Habush, Habush, Davis & Rottier* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

PER CURIAM.  DHO, Inc. and Westfield Insurance Company (collectively, DHO) appeal from a summary judgment dismissing Shopko Stores, Inc. and its insurer, Liberty Mutual Insurance Company (collectively, Shopko), from a personal injury action. Shopko, Howard Immel, Inc. and Continental Casualty Company (collectively, Immel), and the plaintiffs move to dismiss the appeal on the ground that DHO lacks standing to appeal. We conclude that DHO is aggrieved by the judgment dismissing Shopko because that dismissal reduces the potential pool of entities to whom negligence can be assigned. We deny the motions to dismiss the appeal.

Immel acted as the general contractor on a project to construct a Shopko store. DHO was hired as a masonry subcontractor. When a brick wall collapsed on the job site, several DHO employees were severely injured and one was killed. Those employees, or their representatives, brought an action against Shopko and Immel in negligence. Immel filed a third-party complaint against DHO alleging that DHO has a contractual obligation to indemnify Immel.[1] No cross-claims were filed by DHO.

Shopko filed a motion for summary judgment on the ground that it was not negligent as a matter of law because it had no control over the methods of construction used in the project. The trial court granted

---

[1] The trial court granted Immel's motion for declaratory judgment that DHO is obligated to indemnify Immel to the extent of DHO's negligence. DHO sought leave to appeal the nonfinal order under RULE 809.50, STATS. Leave to appeal was denied.

summary judgment for that reason.[2] DHO filed a timely notice of appeal from that judgment.

The right to appeal is limited to parties aggrieved in some appreciable manner by the judgment. *Polk County v. State Public Defender*, 179 Wis. 2d 312, 316, 507 N.W.2d 576, 578 (Ct. App. 1993), *aff'd,* 188 Wis. 2d 665, 524 N.W.2d 389 (1994). A person is aggrieved if the judgment bears directly and injuriously upon his or her interests. *Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 217, 418 N.W.2d 14, 15 (Ct. App. 1987). "We must liberally construe the law of standing." *Polk County*, 179 Wis. 2d at 316, 507 N.W.2d at 578.

The moving parties[3] argue that DHO is not aggrieved by the dismissal of Shopko from this action because DHO has no claims or potential cause of action for contribution against Shopko. This is true because the plaintiffs cannot directly recover from DHO due to worker's compensation laws. DHO is only a party to this action by virtue of Immel's third-party complaint and is only potentially required to indemnify Immel to the extent of DHO's negligence. However, even though DHO is not directly a party to the suit between the plaintiffs and Shopko, it may still be aggrieved by the judgment. "A person may be an aggrieved party entitled to appeal from a judgment even though he or she is not a named party to the suit if he or she has a substantial interest adverse to the judgment either directly or

---

[2] Shopko's motion for summary judgment was heard and decided before Immel's motion for declaratory judgment and DHO's motion for summary judgment on DHO's indemnification obligation. DHO took no position on Shopko's motion.

[3] We note that the plaintiffs and Immel are not currently named as respondents in this appeal.

by privity." *Ford Motor*, 142 Wis. 2d at 218, 418 N.W.2d at 15.

DHO argues that under *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 345, 501 N.W.2d 465, 467 (Ct. App. 1993), it is a party aggrieved by the dismissal of Shopko even in the absence of cross-claims. *Weina* held that the dismissal of a codefendant created a right of appeal by another codefendant even in the absence of a formal cross-claim for contribution. *Id.* at 346, 501 N.W.2d at 467. The reasoning was that a codefendant that has a potential contribution claim is aggrieved by the dismissal of another codefendant because the dismissal diminishes the pool of resources available to satisfy any judgment in favor of the plaintiffs and thereby increases the potential liability of the remaining defendants. *Id.* at 345-46, 501 N.W.2d at 467.

This is not exactly a *Weina* case because DHO is not a codefendant with Shopko. DHO has no interest in the pool of available resources to satisfy the plaintiffs' judgment because it is not directly contributing to that pool.

Further, DHO has no right of contribution against Shopko. Shopko and Immel argue that because DHO has no right of contribution, *McCauley v. International Trading Co.*, 268 Wis. 62, 66 N.W.2d 633 (1954), governs. There it was held that International Trading could not seek review of a judgment dismissing the plaintiff's claim against a codefendant because the corporation was not entitled to a judgment of contribution against that codefendant. *Id.* at 67, 66 N.W.2d at 636. However, *McCauley* is based on the premise that contribution could not be raised for the first time on appeal and the waiver of the potential right to contribution by International Trading's failure to serve the codefendant with a demand for contribution before judgment

was entered. *See id.* at 66-67, 66 N.W.2d at 636. As a waiver case concerned with contribution rights between codefendants, *McCauley* does not apply here. The same is true of the cases Shopko cites from other jurisdictions.[4] Those cases are dependent on potential rights between codefendants.

In *Tierney v. Lacenski*, 114 Wis. 2d 298, 338 N.W.2d 522 (Ct. App. 1983), standing to appeal existed in the absence of any right to contribution. Tierney sued Lacenski and his automobile insurer, American Family Mutual Insurance Company, for damages arising out of an automobile accident. Lacenski was acting in his capacity as a state employee at the time of the accident. Therefore, notice of claim provisions were applicable. Tierney ultimately joined his former attorney, Edward Bollenbeck, as a defendant alleging that Bollenbeck was negligent in failing to timely file necessary notices of claim against the state so as to permit recovery against Lacenski and his employer. Lacenski was dismissed because of the failure to comply with notice of claim requirements. American Family was dismissed because Lacenski had no liability. Bollenbeck appealed the dismissal of Tierney's action against American Family. *Id.* at 301, 338 N.W.2d at

---

[4] Shopko argues that "[w]here a defendant for some reason has no such claim for contribution against a co-defendant, the cases uniformly hold that the appealing defendant is not aggrieved by the dismissal of the co-defendant, and the appealing defendant has no standing to appeal." It cites *Clay v. Pepper Constr. Co.*, 563 N.E.2d 937, 939-40 (Ill. App. Ct. 1990); *Landers v. Ghosh*, 491 N.E.2d 950, 954 (Ill. App. Ct. 1986); *Shackelford v. Green*, 349 S.E.2d 781, 782 (Ga. Ct. App. 1986), *aff'd*, 356 S.E.2d 27 (Ga. 1987); and *Indiana State Highway Comm'n v. Clark*, 371 N.E.2d 1323, 1326 (Ind. Ct. App. 1978).

524. The court concluded that Bollenbeck was an aggrieved party:

> [Tierney's] alternative cause of action is against Bollenbeck for failing to comply with § 893.82. Bollenbeck contends that the court's order dismissing American Family affects his rights and obligations. We agree. Whether Tierney has a direct action against American Family would directly affect any potential recovery against Bollenbeck. Obviously, he is therefore affected in some appreciable manner by the court's action dismissing American Family.

*Id.* at 302, 338 N.W.2d at 525.

This case is different from *Weina* and *Tierney* because it involves an appeal by a third-party defendant. It is illustrative of the complexity of claims that may exist in multi-defendant and third-party actions. The facts here call for an extension of *Weina* and *Tierney*.

It has been held that "in an action for negligence, the jury must be given the opportunity to consider the possible negligence of all persons, whether parties or not, who might have contributed to the total negligence." *Hauboldt v. Union Carbide Corp.*, 160 Wis. 2d 662, 681, 467 N.W.2d 508, 515 (1991). This is where DHO's interest lies. DHO has a direct interest in the apportionment of negligence in the cause of the plaintiffs' injuries. It will have to indemnify Immel to the extent of negligence assigned to it. The dismissal of Shopko as a matter of law diminishes the potential pool of entities to whom negligence can be assigned and thereby increases DHO's potential liability. Thus, we conclude that DHO is aggrieved by the judgment dismissing Shopko. It has standing to appeal.

*By the Court.*—Motions denied.