# FORD MOTOR CREDIT COMPANY, Plaintiff-Appellant,

## v.

## Michael MILLS, Defendant-Appellant.†

Court of Appeals

*No. 87–1314. Submitted on briefs October 22, 1987.—Decided November 12, 1987.*

(Also reported in 418 N.W.2d 14.)

---

† Petition to review denied.

---

For the defendant-appellant the cause was submitted on the brief of *Jeffrey D. Knickmeier* of Viroqua.

For the plaintiff-respondent the cause was submitted on the brief of *Rocke A. Calvelli* and *Prosser, Wiedabach & Quale, S.C.,* of Milwaukee.

Before Dykman, Eich and Sundby, JJ.

PER CURIAM. Michael Mills appeals from an amended judgment which determined that Mills' defense to a replevin action was frivolous under sec. 814.025(1) and (3)(b), Stats. and assessed costs and fees against Mills' attorney. We ordered the parties to address whether the appeal should be dismissed. We conclude that we should dismiss the appeal.

A replevin judgment was entered March 3, 1987 against Mills after he filed an answer but did not appear at trial; an amended judgment assessing costs and fees against Mills' attorney for bringing a frivolous defense was entered June 5, 1987; the notice of appeal was filed July 15, 1987 in appellant's rather than his attorney's name. We ordered the parties to address whether appellant had standing to appeal since he did not appear to be aggrieved by the June 5, 1987 amendment and the notice of appeal was untimely to appeal from the March 3, 1987 judgment. Since the only issue raised in appellant's brief on the merits of the appeal is the assessment of costs and fees against his attorney, the only issue before us is whether appellant is aggrieved by this decision.

██

A person may not appeal from a judgment unless he or she is aggrieved by it. *Mutual Service Cas. Ins. Co. v. Koenigs,* 110 Wis. 2d 522, 526, 329 N.W.2d 157, 159 (1983). A person is aggrieved if the judgment bears directly and injuriously upon his or her interests; the person must be adversely affected in some appreciable

manner. *Tierney v. Lacenski,* 114 Wis. 2d 298, 302, 338 N.W.2d 522, 524 (Ct. App. 1983).

Section 814.025(2), Stats., provides in relevant part that, "[t]he costs and fees awarded under sub. (1) [for a frivolous defense] may be assessed fully against either the party bringing the ... defense ... or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees."

█

A person may be an aggrieved party entitled to appeal from a judgment even though he or she is not a named party to the suit if he or she has a substantial interest adverse to the judgment either directly or by privity. *Miller v. Lighter,* 21 Wis. 2d 401, 403, 124 N.W.2d 460, 461 (1963). Appellant's attorney is aggrieved by the assessment of costs and fees against him, and would have standing to appeal even though he was not a named party to the suit.

Appellant contends he is aggrieved by the conclusion that his defense was frivolous, even though he was not ordered to pay the costs and fees. However, he has not challenged the merits of the replevin judgment. He was not ordered to pay the costs and fees. We cannot imagine in what other way the mere conclusion that his defense was frivolous adversely affects him.

█

Appellant contends that he is aggrieved by the assessment of costs and fees since he and his attorney enjoy a "unity of position" and a "unity of interest." We disagree. An assessment of costs and fees may be made against a party, his attorney or both. Sec. 814.025(2), Stats. The assessment against the attorney

alone is not an assessment against appellant. There is no unity of position or of interest.

Appellant contends he is aggrieved by the assessment because of his prospective inability to obtain legal services from this or other attorneys. This claim is purely speculative. In any event, it was the attorney's rather than appellant's actions which resulted in the assessment of costs and fees. We doubt another attorney would refuse to represent appellant because his present attorney asserted a frivolous defense in this case.

Appellant contends the conclusion of frivolousness works to his substantial disadvantage in regard to this litigation, similar litigation and other litigation in this court. This argument assumes that we will not evaluate this, or other appeals on their merits. The fallacy of this assumption is obvious and need not be addressed further.

Appellant contends that he is aggrieved by the assessment since he will bear, either directly or indirectly, the costs and fees. Nothing in the record establishes an agreement between appellant and his attorney that appellant will pay the costs and fees assessed against his attorney. Even if such an agreement existed, we would have serious questions as to its validity. The purpose of sec. 814.025, Stats., is "to deter litigants and attorneys from commencing or continuing frivolous actions and to punish those who do so." *Stoll v. Adriansen,* 122 Wis. 2d 503, 511, 362 N.W.2d 182, 187 (Ct. App. 1984). "The trial court must enforce sec. 814.025 for the purpose of maintaining the integrity of the judicial system and the legal profession." *Id.*

An agreement permitting an attorney to shift responsibility for an assessment of costs and fees

under sec. 814.025, Stats., to a client, despite a trial court's finding that the attorney should be penalized for bringing the frivolous action or defense, would defeat the deterrent and punitive purposes behind sec. 814.025. "Contracts which impose obligations that are contrary to public policy are unenforceable." *Griffith v. Harris,* 17 Wis. 2d 255, 259, 116 N.W.2d 133, 136 (1962), *cert. denied,* 373 U.S. 927 (1963).

■

Appellant finally contends that the amended judgment and judgment should be treated as a single judgment and since he is aggrieved by the granting of replevin, he has standing to appeal from any portion of the judgment. We disagree. The final judgment is the June 5, 1987 amended judgment. This judgment does not aggrieve appellant. Even if the March 3, 1987 replevin judgment had been the final judgment and the assessment of costs and fees had been a nonfinal judgment or order, an appeal from the final judgment would bring before us only prior nonfinal judgments, orders and rulings adverse to appellant and favorable to respondent made in the action or proceeding not previously appealed and ruled upon. Sec. (Rule) 809.10(4), Stats. In either event, appellant could not challenge the assessment of costs and fees against his attorney. We conclude that appellant is not aggrieved by the amended judgment and therefore lacks standing to appeal.

Appellant contends that failure to name his attorney in the notice of appeal is a technical defect which we can overlook. We assume he is referring to sec. 807.07, Stats., which permits us to amend notices of appeal to correct defects which do not go to the subject matter jurisdiction of the appellate court.

*State v. Malone,* 136 Wis. 2d 250, 260–61, 401 N.W.2d 563, 567 (1987).

Failure to file a timely notice of appeal deprives us of jurisdiction. Sec. (Rule) 809.10(1)(b), Stats. While appellant's notice of appeal was timely, the time for his attorney to file a notice of appeal has expired. The attorney's failure to file a notice of appeal within the time limits for appealing, *see* sec. 808.04, Stats., would deprive us of jurisdiction of an appeal he would file now. This jurisdictional defect cannot be corrected by amending appellant's notice of appeal to substitute his attorney as the appellant.

*By the Court.*—Appeal dismissed.