Dawn E. WEINA, by her Guardian ad Litem, John Peyton, Steve C. Weina and Cynthia S. Weina, Plaintiffs-Appellants,

v.

ATLANTIC MUTUAL INSURANCE COMPANY and Mt. Pleasant Lutheran Church—ELCA, Defendants-Respondents,

SAFECO INSURANCE COMPANY OF ILLINOIS, John Lovdahl, Employers Health Insurance Company, Blue Cross & Blue Shield United of Wisconsin and Benefit Trust Life Insurance Company, Defendants.

Court of Appeals

*No. 93–0535. Submitted on briefs April 7, 1993.—Decided May 26, 1993.*

(Also reported in 501 N.W.2d 465.)

342

For the defendants-movants the cause was submitted on the memoranda of *Lawrence P. Zieger* and *Rebecca E. Leair* of *Mitchell, Baxter & Zieger, S.C.* of Milwaukee.

For the defendants-respondents the cause was submitted on the memoranda of *Terry J. Booth* of *Fellows, Piper & Schmidt* of Milwaukee.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

PER CURIAM. Safeco Insurance Company of Illinois and John Lovdahl have filed a motion to intervene in this appeal. *See* Rule 809.13, Stats. Alternatively, they seek permission to file a nonparty brief under Rule 809.19(7), Stats. The respondents, Atlantic Mutual Insurance Company and Mt. Pleasant Lutheran Church—ELCA, oppose the motions. Because Safeco and Lovdahl were aggrieved by the judgment appealed from and because they failed to file a timely notice of appeal, we deny the motion to inter-

vene and the alternative motion for leave to file a nonparty brief.

The underlying facts are undisputed. Dawn E. Weina, a minor, was injured during a softball game. Dawn was struck on the head by a ball hit by Lovdahl. The softball game was an activity during a church picnic, sponsored by Mt. Pleasant Lutheran Church.

Dawn and her parents sued Mt. Pleasant and its insurer, Atlantic Mutual, and Lovdahl and his insurer, Safeco. Lovdahl and Safeco did not file a cross-claim against their co-defendants, Mt. Pleasant and Atlantic Mutual.

All of the defendants moved for summary judgment. The trial court denied the motion of Lovdahl and Safeco but granted summary judgment in favor of Mt. Pleasant and Atlantic Mutual, finding that the church was immune from suit under the recreational use immunity statute, sec. 895.52, Stats. The plaintiffs moved the trial court for reconsideration, a motion joined in by Lovdahl and Safeco. The trial court denied the motion and a judgment dismissing Mt. Pleasant and Atlantic Mutual was entered. The plaintiffs filed a timely notice of appeal.

■

Judgment was entered on February 2, 1993.[1] Notice of entry of judgment was given. However, that notice indicated that judgment was entered on January 29, 1993. Because the notice of entry did not accurately set forth the date on which judgment was entered, the

---

[1] The moving papers and response asserted that the judgment dismissing Mt. Pleasant and Atlantic Mutual was entered on January 29, 1993. The appellate record, however, establishes that the judgment was filed with the clerk of the circuit court on February 2, 1993. Filing of a judgment constitutes entry of the judgment. Section 806.06(1)(b), Stats.

appeal period remained ninety days from the date of entry of the judgment, or May 3, 1993. *See Mock v. Czemierys,* 113 Wis. 2d 207, 211, 336 N.W.2d 188, 189–90 (Ct. App. 1983); Section 808.04(1), Stats.

Lovdahl and Safeco acknowledge that they have a potential claim for contribution against Mt. Pleasant and Atlantic Mutual but concede that no cross-claim has been filed in this litigation. Because there was no pending cross-claim, Lovdahl and Safeco conclude that they did not have a right to appeal the dismissal of Mt. Pleasant and Atlantic Mutual. They assert, however, that they have a "real and direct interest" in the outcome of the appeal because the appeal may impact on their potential contribution claim. They seek to protect that interest by intervention in the appeal as a party or by filing a non-party brief in support of the plaintiffs. Lovdahl and Safeco never filed a notice of appeal.

The first issue is whether Lovdahl and Safeco had a right to appeal the judgment dismissing their co-defendants. A person may not appeal from a judgment unless aggrieved by the judgment. *Ford Motor Credit Co. v. Mills,* 142 Wis. 2d 215, 217, 418 N.W.2d 14, 15 (Ct. App. 1987). A person is aggrieved if the judgment bears directly and injuriously upon his or her interests; the person must be adversely affected in some appreciable manner. *Id.* at 217–18, 418 N.W.2d at 15.

This is a personal injury suit in which the plaintiffs seek to impose joint and several liability on the various defendants they believe responsible for Dawn's injuries. The dismissal of Mt. Pleasant and Atlantic Mutual diminishes the pool of resources available to satisfy any judgment in favor of the plaintiffs. Because the dismissal increases the potential liability of

Lovdahl and Safeco, we conclude that they are aggrieved by the judgment.

We reach that conclusion despite the absence of a pending cross-claim between the parties. While claims for contribution are commonly pled in the underlying personal injury action, there is no requirement that they be pled at that time. *See Johnson v. Heintz,* 73 Wis. 2d 286, 295, 243 N.W.2d 815, 822–23 (1976). Indeed, until causal negligence is apportioned and one tortfeasor pays more than his or her proportionate share, a contribution claim between co-defendants is a contingent claim unable to be resolved. *Id.*

Moreover, a circuit court, acting in the underlying personal injury case, may order contribution even in the absence of a cross-claim. When the theory of joint liability among defendants is addressed in the verdict, the court can order contribution on a motion by one co-defendant after joint liability to the plaintiff is determined on the merits. *See Wagner v. Daye,* 68 Wis. 2d 123, 125–26, 227 N.W.2d 688, 689 (1975). Thus, we conclude that the absence of a cross-claim does not prevent Lovdahl and Safeco from being aggrieved. The dismissal of the co-defendants adversely affects a substantial interest. *See Ford Motor Credit,* 142 Wis. 2d at 218, 418 N.W.2d at 15.[2]

---

[2] Mt. Pleasant and Atlantic Mutual contend that Lovdahl and Safeco are not aggrieved by the judgment. They rely on *McCauley v. International Trading Co.,* 268 Wis. 62, 66 N.W.2d 633 (1954). *McCauley,* however, is distinguishable because the co-defendant in that case never asserted a contribution claim, whether by pleading or on appeal. *Id.* at 66–67, 66 N.W.2d at 636. In this case, Lovdahl and Safeco are raising a contribution

Since Lovdahl and Safeco were aggrieved by the judgment, they could have appealed the judgment dismissing Mt. Pleasant and Atlantic Mutual. If they had filed a timely notice of appeal, they would have been designated co-appellants with the plaintiffs. However, they did not file a timely notice of appeal. The question is whether a person who fails to file a timely notice of appeal may participate in the appeal through intervention or by the filing of a nonparty brief.

The filing of a timely notice of appeal is jurisdictional. Rule 809.10(1)(b), Stats.; *LaCrosse Trust Co. v. Bluske,* 99 Wis. 2d 427, 428, 299 N.W.2d 302, 303 (Ct. App. 1980). Through both intervention and the submission of a nonparty brief, Lovdahl and Safeco could challenge the judgment appealed from. If granted intervenor status, Lovdahl and Safeco would become full parties to the appeal. The filing of a nonparty brief also would permit them to participate in the appeal. Under both scenarios, the jurisdictional time limit for the commencement of an appeal would be circumvented. Lovdahl and Safeco would be allowed to do indirectly what they cannot do directly. Therefore, we deny the alternative motions to intervene and to file a nonparty brief.

*By the Court.*—Motions denied.

claim. We believe that the cases subsequent to *McCauley* cited in the body of the opinion are more on point.