In re the Incorporation of a Portion of the Town of Sheboygan, Sheboygan County, Wisconsin, as a Village:

Town of Sheboygan, Petitioner-Appellant,

v.

City of Sheboygan, Intervenor-Respondent.

Court of Appeals

*No. 01–1129. Submitted on briefs July 20, 2001.—Decided October 10, 2001.*

2001 WI App 279

(Also reported in 637 N.W.2d 770.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Michael J. Bauer* of *Hopp, Powell, Bauer, Donohue & Buesing,* Sheboygan.

On behalf of the intervenor-respondent, the cause was submitted on the brief of *Stephen G. McLean,* city attorney of Sheboygan.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. The Town of Sheybogan (Town) appeals a circuit court order which referred its petition for incorporation to the Department of Administration (DOA) pursuant to WIS. STAT. § 66.0203(8) (1999–2000).[1] The Town argues that the circuit court exceeded its authority under § 66.0203(8) when it made a finding that the Town's incorporation petition was entertained on September 28, 2000, the date it was filed with the circuit court. The circuit court did not exceed its authority; therefore, we affirm.

---

[1] We note that pursuant to 1999 Wis. Act 150, effective January 1, 2001, WIS. STAT. ch. 66 was reorganized and renumbered between the 1997–98 version of the Wisconsin Statutes and the 1999–2000 version. Because the record shows that the circuit court and the parties relied upon the 1999–2000 version, we will refer to the 1999–2000 version.

¶ 2. On February 14, 2000, the DOA dismissed the Town's first Petition for Incorporation. Less than one year later, on September 28, 2000, the Town filed a third Petition for Incorporation of a portion of the Town as a village with the circuit court. This third petition is the subject of this appeal.[2]

¶ 3. The City of Sheboygan (City) intervened, filing a motion to dismiss the Town's third petition claiming that under WIS. STAT. § 66.0203(9)(h), the circuit court could not entertain the petition because it was for incorporation of substantially the same territory as the first petition, and it was filed less than one year after the date of dismissal of the first petition.

¶ 4. The Town responded to the City's motion, claiming that the one-year period of delay required before renewal of an incorporation petition was not an issue because the "entertainment date" of the third petition would not be within one year from the date that the DOA dismissed the first petition. The Town argued that the "date of entertainment" is the date on which a petition is referred by the circuit court to the DOA. The City countered that the "date of entertainment" is the date on which a petition is filed with the circuit court.[3]

---

[2] A second Petition for Incorporation was filed with the Sheboygan County Circuit Court prior to the DOA's dismissal on February 14, 2000, of the first petition. The second petition was voluntarily withdrawn on March 4, 2000.

[3] We note that the date the DOA dismissed the prior petition was February 14, 2000. The parties did not dispute the fact that February 14, 2000, triggered the running of the one-year delay.

¶ 5. The circuit court construed the filing date[4] of the petition to be the date it was "entertained." It held that the third petition was therefore "entertained" within a one-year period. The circuit court then referred the petition to the DOA, leaving the determination of whether the area described in the subsequent petition was for "substantially the same territory" as that described in the prior petition.

¶ 6. WISCONSIN STAT. ch. 66 contains the rules regarding municipal law. Subchapter II of this chapter addresses incorporation rules. WISCONSIN STAT. § 66.0203 addresses the procedure for incorporation of villages and cities. This section provides in relevant part:

> **(8)** FUNCTION OF THE CIRCUIT COURT. (a) After the filing of the petition and proof of notice, the circuit court shall conduct a hearing at the time and place specified in the notice, or at a time and place to which the hearing is duly adjourned.
>
> (b) On the basis of the hearing the circuit court shall find if the standards under s. 66.0205 are met. If the court finds that the standards are not met, the court shall dismiss the petition. If the court finds that the standards are met the court shall refer the petition to the department and the department shall determine whether the standards under s. 66.0207 are met.
>
> **(9)** FUNCTION OF THE DEPARTMENT.
>
> . . . .
>
> (e) The determination of the department made in accordance with the standards [set forth under this chapter] shall be one of the following:

---

[4] The filing date was September 28, 2000, approximately seven months after the dismissal of the first petition.

1. The petition as submitted is dismissed.

2. The petition as submitted is granted.

3. The petition as submitted is dismissed with a recommendation that a new petition be submitted to include more or less territory as specified in the department's findings and determination.

(f) If the department determines that the petition shall be dismissed under par. (e)1, the circuit court shall issue an order dismissing the petition. . . .

(g) The findings of both the court and the department shall be based upon facts as they existed at the time of the filing of the petition.

(h) Except for an incorporation petition which describes the territory recommended by the department under s. 66.0203(9)(e)3, *no petition for the incorporation of the same or substantially the same territory may be entertained for one year following the date of dismissal under par. (f) of the petition* or the date of any election at which incorporation was rejected by the electors. (Emphasis added.)

¶ 7. The issue on appeal is what is the "date of entertainment." This question involves the interpretation of Wis. Stat. § 66.0203, which is a question of statutory construction. *See Walag v. Town of Randall*, 213 Wis. 2d 424, 427–28, 570 N.W.2d 623 (Ct. App. 1997). Statutory construction presents a question of law that we review de novo. *Id.*

¶ 8. The Town argues that findings made under Wis. Stat. § 66.0203(9)(h) are to be made exclusively by the DOA. The Town concludes that the circuit court did not have authority to make the finding that the third

petition was "entertained" within one year of dismissal of the first petition. The Town maintains that § 66.0203(8) limits the circuit court's authority to make a finding as to whether a petition complies with certain minimum standards as laid out in WIS. STAT. § 66.0205,[5] and that if the court finds that a petition meets those standards, the court must refer it to the DOA.

¶ 9. We disagree. In construing a statute, our purpose is to give effect to the intent of the legislature. *Walag*, 213 Wis. 2d at 428. WISCONSIN STAT. ch. 66 is silent as to whether the "date of entertainment" determination is to be made by a particular body. Nowhere in the chapter is there a legislative directive that the DOA has exclusive authority to make this finding. It is presumed that the legislature is cognizant of what language to include or omit when it enacts laws. The Town refers us to the titles of subsec. **(8)** FUNCTION OF THE CIRCUIT COURT and subsec. **(9)** FUNCTION OF THE DEPARTMENT as demonstrative of the legislative intent to delineate and circumscribe the duties of the two bodies, such that the circuit court is without jurisdiction to make a finding under subsec. (9).

¶ 10. This is a leap we will not take. The Town ignores a basic rule of statutory construction: the title, while helpful in discerning legislative intent, is not

---

[5] WISCONSIN STAT. § 66.0205 addresses the standards to be applied by the circuit court and provides in relevant part:

> Before referring the incorporation petition as provided in s. 66.0203(2) to the department, the court shall determine whether the petition meets the formal and signature requirements and shall further find that the [minimum requirements of area and resident population] are met.

part of the statute and cannot prevail over its language. *State v. Black*, 188 Wis. 2d 639, 651, 526 N.W.2d 132 (1994); Wis. Stat. § 990.001(6). In order to arrive at legislative intent, we do not construe a subparagraph or its title in isolation, but examine it in light of the entire statute. *Varda v. Gen. Motors Corp.*, 2001 WI App 89, ¶ 30, 242 Wis. 2d 756, 626 N.W.2d 346. The purpose of the incorporation subchapter is to ensure that the development of territory from town to incorporated status proceeds in an orderly and uniform manner to assure compliance with certain minimum standards which take into account the needs of both urban and rural areas. Wis. Stat. § 66.0201(1). Within the incorporation subchapter is Wis. Stat. § 66.0203, which details duties of the circuit court and the DOA; nowhere does it bar the circuit court from finding the "date of entertainment" of a petition. We do not interpret subsec. (8), entitled Function of the circuit court, as proscribing the circuit court from performing any duty not found under this subsection. In fact, subsec. (9), entitled Function of the department, includes several duties for the circuit court. Sec. 66.0203(9)(d), (f), (g).

¶ 11. We determine that the "date of entertainment" is the date a petition is filed with the circuit court. We will not hold that the legislature intended to proscribe the circuit court from making this finding. In fact, we believe that the circuit court, in making this finding and in referring the "same or substantially the same territory" finding to the DOA, enabled the incorporation process to continue in an orderly manner while ensuring that minimum standards were followed. This is the purpose of the incorporation statute. Wis. Stat. § 66.0201(1).

¶ 12. The "date of entertainment" was September 28, 2000—the day the Town's third petition was filed

911

with the circuit court. The circuit court did not exceed its authority in finding that the "date of entertainment" was within one year of the dismissal of the first petition. Our holding properly discerns and gives effect to the intent of the legislature. *See State v. Kirch*, 222 Wis. 2d 598, 602, 587 N.W.2d 919 (Ct. App. 1998).

*By the Court.*—Order affirmed.