CITIZENS' UTILITY BOARD (CUB), James Hanne-mann, David Hannemann, Bill and Fern Rowney, Sandy Lyon and Russel Decker, Petitioners,

SAVE OUR UNIQUE LANDS (SOUL) and Wisconsin's Environmental Decade (WED), Appellants,

Thomas and Margaret KREAGER, David and Lisa Graves, Raymond and Helena Jiskra, Marie Krenzelok, Bert Robertson, Marshall Robinson, Edward and Tamara Nichols, Roger and Maria Svoma, Gerald and Sally Bargender, Donald and Gladys Bauman, Bill Bonsall, Lowell Borchardt, Dennis and Sandy Cihlar, Allan and Peggy Cihlar, Bill and Nancy Dittman, Jeff and Tammy Fis-cher, Phil Hackel, Chester and Irene Hoffman, Henry and Marsha Imhoff, James Knauf, Neal Koepke, Jerry and Julie Kurth, Steve Soczka, Francis Steiber, Joel and Marcia Stencil, Ernie and Evelyn Walters, Lawrence and Joan Wirkus, Dale Pilgrim, Lawrence Svanda, June Svanda, Fred Svanda, Michael and Lynette Weis, Franke and Connie Wirkus, Timothy and Zoe Miller, Paul Meyer, Margaret and Claude Buchberger, Rick Magyar and Cynthia Haag, Intervenors-Appellants,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN and Wis-consin Public Service Corporation, Respondents-Respondents,

414

AMERICAN TRANSMISSION COMPANY LLC and ATC
Management Inc. (collectively ATC), Municipal
Electric Utilities of Wisconsin, Wisconsin Federa-
tion of Cooperatives, Dairyland Power Coopera-
tive, Minnesota Power, Wisconsin Paper Council,
and Wisconsin Merchants Federation,
Respondents.

Court of Appeals

*No. 02–1834. Submitted on briefs May 12, 2003.—
Decided September 23, 2003.*

**2003 WI App 206**

(Also reported in 671 N.W.2d 11.)

On behalf of the appellants, the cause was submitted on the briefs of *Pamela R. McGillivray, Glenn M. Stoddard* and *Edward R. Garvey* and *Garvey & Stoddard, S.C.*; and *Frank Jablonski* and *Porter, Jablonski & Associates S.C.* of Madison.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Robert J. Mussallem*, of *Public Service Commission of Wisconsin* of Madison.

On behalf of respondents, there was a brief by *Trevor J. Will, Bartholomew F. Reuter* and *Foley & Lardner* of Milwaukee for Wisconsin Public Service Commission; *Deborah A. Amberg, Steven W. Tyacke* of Duluth, MN, for Minnesota Power Company; and *David J. Hanson, Lauren L. Azar* and *Michael, Best & Friedrich LLP* of Madison for American Transmission Company LLC and ATC Management Inc.

On behalf of respondents, there was a brief by *Anita T. Gallucci and Boardman, Suhr, Curry & Field, LLP* of Madison for Municipal Electric Utilities of Wisconsin; *Warren J. Day* of Madison for Wisconsin Federation of Cooperatives; and *Rebecca A. Schmidt* of Madison for Wisconsin Merchants Federation.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Save Our Unique Lands (SOUL) and Wisconsin's Environmental Decade (WED) were parties before the Public Service Commission of Wisconsin (PSC), an administrative agency, along with Citizens' Utility Board (CUB) when the PSC approved the placement of the Arrowhead-Weston power line.[1] CUB, SOUL, and WED each petitioned for judicial review of the PSC's decision. Wisconsin Public Service Corporation (WPS) moved to dismiss SOUL's and WED's petitions for improper service. SOUL and WED then filed a conditional motion for intervention in CUB's case, contingent upon the court granting WPS's

---

[1] SOUL and WED are the only appellants that submitted a brief.

motion. The court dismissed the two parties' petitions for judicial review and then denied the motion for intervention, calling it an attempt to circumvent the statutory requirements and deeming it untimely. We agree with the trial court's conclusion and therefore affirm the order.

## Background

¶ 2. The Arrowhead-Weston power line is a proposed 345 kilovolt high voltage transmission line that would supply electricity to parts of Wisconsin. It would originate in Duluth, Minnesota, and crosses a large part of Wisconsin to terminate near Weston in Marathon County. WPS would own the line. CUB, SOUL, and WED objected to the line before the PSC, citing various environmental and aesthetic concerns. Nonetheless, the PSC approved placement of the line on October 30, 2001.

¶ 3. On November 29, 2001, the last day to file petitions for judicial review, CUB, SOUL, and WED each filed their petitions for review. Each petition was assigned a different case number and, although they were assigned to the same judge for coordination, they were never consolidated.

¶ 4. On January 9, 2002, WPS filed a motion to dismiss SOUL's and WED's petitions for improper service. On January 11, the trial court notified CUB, SOUL, and WED that it would hear any intervention petitions on March 25. On January 17, the trial court sent notice that it would also hear WPS's motion on March 25.

¶ 5. On March 22, SOUL and WED filed a motion to intervene, contingent upon the trial court's dismissal of their petitions for review and for the purpose of

resurrecting the seventeen issues in their petitions for review. Sixteen of those issues had not been raised by CUB. WPS objected.

¶ 6. At the March 25 hearing, the trial court granted WPS's motion to dismiss for lack of subject matter jurisdiction. It did not, however, discuss the petitions for intervention but instead adjourned the hearing to accommodate a briefing schedule. On April 8, SOUL and WED filed an amended motion to intervene. On June 5, the court denied SOUL and WED's motion for intervention. It concluded that they failed to comply with the procedural requirements for filing their own petitions for review and the time for joining CUB's petition had passed, resulting in a forfeiture of any right to intervene. The court also concluded that in any event, the petition for intervention was untimely under WIS. STAT. § 227.53(1)(d).[2] SOUL and WED appeal. We affirm the order.[3]

## Discussion

¶ 7. We are not asked to review the administrative agency decision underlying this case. Instead, the question is whether the trial court properly denied SOUL and WED's petition for intervention. Whether to allow intervention is a discretionary decision for the trial court. *Town of Delevan v. City of Delevan*, 160 Wis. 2d

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[3] The order also denied SOUL and WED's request to file amicus curiae briefs. Because SOUL and WED fail to address this part of the order in their briefs, we deem it abandoned. *See Reiman Assocs. v. R/A Adver.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981).

403, 415, 466 N.W.2d 227 (Ct. App. 1991). Normally, a trial court considers whether the potential intervenor has standing and whether that intervenor's interests are already adequately represented by another party. *Id.* However, SOUL and WED allege the trial court misinterpreted the statute in reaching its decision. A discretionary decision based on an error of law is an erroneous exercise of that discretion. *State v. Gesch,* 167 Wis. 2d 660, 666, 482 N.W.2d 99 (1992).

¶ 8. Construction of a statute is a question of law that we review de novo. *State v. Dean,* 163 Wis. 2d 503, 510, 471 N.W.2d 310 (Ct. App. 1991). When we interpret a statute, our purpose is to ascertain legislative intent and give it effect. *State ex rel. Frederick v. McCaughtry,* 173 Wis. 2d 222, 225, 496 N.W.2d 177 (Ct. App. 1992). The primary source for the statute's construction is the statutory language itself. *Dean,* 163 Wis. 2d at 510. If the language is unambiguous, we arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. *Id.* Moreover, although a word or a phrase may seem ambiguous standing alone, the context of the word or phrase may eliminate the ambiguity. *State v. Johnson,* 171 Wis. 2d 175, 181, 491 N.W.2d 110 (Ct. App. 1992). Under *noscitur a sociis,* ordinarily the coupling of words denotes an intention that they be understood in the same general sense. *Id.* That is, a word "is known from its associates." *Id.* (citation omitted).

¶ 9. Under Wis. Stat. § 227.53(1), any person aggrieved by an administrative agency decision "shall be entitled to judicial review."[4] The petition must be filed and served within thirty days of service of the agency's

---

[4] Wisconsin Stat. § 227.53 states in relevant part:

## decision. Wis. Stat. § 227.53(1)(a)2. The petition must

(1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review of the decision as provided in this chapter and subject to all of the following procedural requirements:

(a) 1. Proceedings for review shall be instituted by serving a petition . . . upon the agency or one of its officials, and filing the petition in the office of the clerk of the circuit court for the county where the judicial review proceedings are to be held. . . .

2. . . . [P]etitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties . . . .

. . . .

(c) A copy of the petition shall be served personally or by certified mail or, when service is timely admitted in writing, by first class mail, not later than 30 days after the institution of the proceeding, upon each party who appeared before the agency in the proceeding in which the decision sought to be reviewed was made or upon the party's attorney of record. A court may not dismiss the proceeding for review solely because of a failure to serve a copy of the petition upon a party or the party's attorney of record unless the petitioner fails to serve a person listed as a party for purposes of review in the agency's decision under s. 227.47 or the person's attorney of record.

(d) . . . [T]he agency and all parties to the proceeding before it, shall have the right to participate in the proceedings for review. The court may permit other interested persons to intervene. Any person petitioning the court to intervene shall serve a copy of the petition on each party who appeared before the agency and any additional parties to the judicial review at least 5 days prior to the date set for hearing on the petition.

(2) Every person served with the petition for review as provided in this section and who desires to participate in the proceedings for review thereby instituted shall serve upon the petitioner, within 20 days after service of the petition upon such person, a notice of appearance clearly stating the person's position with reference to each material allegation in the petition and to the affirmance, vacation or modification of the order or decision under review.

be served on all parties to the agency decision, especially when the agency decision specifically lists parties "for purposes of review"; § 227.53(1)(c) prohibits the court from dismissing a proceeding for review solely because of lack of service "unless the petitioner fails to serve a person listed as a party for purposes of review . . . ." These parties to the agency proceedings have the right to participate in the judicial review proceedings. WIS. STAT. § 227.53(1)(d). Participation of other parties is a discretionary decision for the trial court. *Id.* If a party served with a petition for review wishes to exercise its right to participate in the review, it must serve a notice of appearance stating its position on each allegation in the petition for review as well as an opinion as to whether the agency's decision should affirmed, modified, or vacated. WIS. STAT. § 227.53.

¶ 10. SOUL and WED thus had two statutory options for obtaining judicial review of the PSC's decision approving the Arrowhead-Weston line. First, they had the right to file a petition for review, which each did. However, they failed to comply with the service requirements, depriving the trial court of jurisdiction.[5] Second, SOUL and WED could have filed a notice of appearance in CUB's petition for review. The record is not clear why they did not, although we suspect two reasons: SOUL and WED likely expected to proceed

---

[5] Normally, a lack of service deprives a court of personal, not subject matter, jurisdiction. However, the trial court concluded that it was deprived of subject matter jurisdiction in case Nos. 01–CV-900 and 01–CV-902. These were the case numbers assigned to SOUL's and WED's petitions for review. Rather than appeal the trial court's decisions in those cases, SOUL and WED instead opted to attempt intervention in CUB's case, No. 01–CV-901. The propriety of the trial court's dismissal of Nos. 01–CV-900 and 01–CV-902 is not before us.

on their own petitions, and CUB's petition raised only one issue compared to SOUL and WED's seventeen.

¶ 11. The trial court concluded first that SOUL and WED were attempting to circumvent their own ineffective petitions for review. SOUL and WED, however, contend they are "Any person petitioning the court to intervene" under WIS. STAT. § 227.53(1)(d) and their petition should have been granted. We disagree.

¶ 12. WISCONSIN STAT. § 227.53(1)(d) starts by granting "the agency and all parties to the proceeding before it" the right to participate in judicial review proceedings filed by other individuals. The next sentence, however, gives the court discretion to allow "other interested persons to intervene" in the judicial review. Because the prior sentence gave parties to the agency proceeding the *right* to participate in judicial review proceedings, the parties are not part of the group referred to as "other interested persons" and therefore are not entitled to petition for permissive intervention.[6]

¶ 13. The next sentence states that "Any person petitioning the court to intervene" shall follow a certain procedure for service of the intervention petition. SOUL and WED contended they are "any person." However, the only people allowed to petition for intervention are the "other interested persons." SOUL and WED are not other interested persons with the right to seek intervention. Instead, they are parties who participated in the agency proceeding. Their ability to partici-

_____

[6] In any event, it seems that parties following the appropriate procedure for filing their own request for review or appearance in another party's petition should not need to attempt intervention.

pate in judicial review proceedings originates from different authority from the intervenors' ability to participate. SOUL and WED are not "any person." They are parties to the administrative proceedings who, through their own actions, invalidated their own participation in the judicial review.

¶ 14. We also acknowledge the trial court's concern with SOUL and WED's attempt to circumvent their procedural errors. The court noted *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 501 N.W.2d 465 (Ct. App. 1993), where the question was "whether a person who fails to file a timely notice of appeal may participate in the appeal through intervention or by the filing of a nonparty [amicus] brief." *Id.* at 347. We answered that question in the negative, concluding that the "jurisdictional time limit for the commencement of an appeal would be circumvented" if we granted the petition for intervention in the appeal or amicus status. *Id.* We wrote that the petitioners could not "be allowed to do indirectly what they cannot do directly." *Id.*

¶ 15. Similarly, a petition for judicial review of an administrative agency decision is the functional equivalent of an appeal. SOUL and WED failed to take the steps necessary to participate directly in the review, and now attempt to do so indirectly. The trial court concluded under *Weina* that such a result would be improper. We agree.

¶ 16. Even if we decided that the court could grant SOUL and WED intervenor status, the court correctly determined that their petition was time-barred. WISCONSIN STAT. § 227.53(1)(d) states, "Any person petitioning the court to intervene shall serve a copy of the petition on each party who appeared before the agency and any additional parties to the judicial review *at least 5 days prior to the date set for hearing on the*

*petition.*" (Emphasis added.) SOUL and WED make two arguments. First, they argue that "the hearing" in the statute refers to the hearing on the judicial review petition, not the intervention petition. Second, they argue that if the hearing means the intervention hearing, their petition was timely because although the original hearing was March 25, it was ultimately adjourned until June 5. Again, we disagree.

¶ 17. Persons wishing to intervene must petition the court. WIS. STAT. § 227.53(1)(d). The court should then hold a hearing on whether to grant intervention because intervention is permissive, not automatic. *See id.* ("The court may permit other interested persons to intervene."). Although technically the court could simply grant or deny the petition, such a situation would be unusual because it would not give any party an opportunity to present argument for or against intervention. The intervention hearing also must come before the judicial review proceeding or intervention would be moot. Moreover, there is no "hearing" on a petition for judicial review; filing the petition for review triggers the commencement of the action. *See Gimenez v. State Med. Exam. Bd.*, 229 Wis. 2d 312, 317, 600 N.W.2d 28 (Ct. App. 1999). There is no hearing to decide whether to proceed. The hearing on a petition for judicial review is the judicial review itself.

¶ 18. Moreover, while SOUL and WED point out that elsewhere in WIS. STAT. § 227.53 "the petition" refers to the petition for judicial review, this particular paragraph is dedicated to intervention procedure. We deem this to mean that the default "petition" in the subsection is the intervention petition. The subsection specifically uses "judicial review" only when it is necessary to make a distinction: "Any person petitioning

the court to intervene shall serve a copy of the petition on each party who appeared before the agency and *any additional parties to the judicial review* at least 5 days prior to the date set for hearing on the petition." (Emphasis added.) "Judicial review" serves only to identify the additional parties; the only petition referred to in this subsection is the petition for intervention.

¶ 19. SOUL and WED alternatively contend their petition for intervention was timely. They served their petition on March 22, three days before the March 25 intervention hearing.[7] However, they contend that the real hearing date was June 5 because the trial court adjourned the March 25 hearing. We disagree. The court adjourned the hearing for briefing, not to extend the timeline for filing intervention motions. The court was not required to allow briefing and could have proceeded to a decision March 25 if it had been so inclined, effectively eliminating SOUL and WED's argument. In any event, SOUL and WED were notified on January 11 that the intervention hearing would be March 25, and by January 17 SOUL and WED knew they faced possible dismissal of their petitions for review. Their March 22 petition for intervention was untimely.

¶ 20. Because SOUL and WED failed to avail themselves of their statutory right to participate in judicial review, they may not now attempt to join the review proceedings through intervention. Even if they

---

[7] SOUL and WED argue that because their petitions for review were still active until dismissed on March 25, they should not have been expected to file a motion to intervene five days before the March 25 hearing. This argument is unavailing, however, because following this logic, SOUL and WED would not have filed their March 22 motion.

were entitled to file for intervention, their motion was untimely. The trial court properly exercised its discretion by denying SOUL and WED's petition to intervene in CUB's judicial review proceeding.

*By the Court.*—Order affirmed.