F.M. MANAGEMENT COMPANY LIMITED PARTNERSHIP and F.M. Real Estate Company, LLC, Petitioners-Appellants,†

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Respondent.

Court of Appeals

*No. 03–1536. Submitted on briefs November 26, 2003.— Decided December 23, 2003.*

2004 WI App 19

(Also reported in 674 N.W.2d 922.)

† Petition to review denied 3-23-04.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Lawrence A. Trebon* of *Trebon & Mayhew*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *F. Thomas Creeron III*, assistant attorney general.

Before Fine, Schudson and Curley, JJ.

¶ 1. FINE, J. F.M. Management Company Limited Partnership and F.M. Real Estate Company, LLC, appeal a circuit-court order affirming a decision by the Wisconsin Tax Appeals Commission. WISCONSIN STAT. § 77.22(1) imposes "a real estate transfer fee ... on every conveyance not exempted or excluded under" WIS. STAT. §§ 77.21–77.30. The Commission upheld the Wis-

consin Department of Revenue's assessment of a transfer fee and penalties in connection with two transfers of real estate between F.M. Management and F.M. Real Estate. The companies contend that: (1) the transactions were exempt from the transfer fee pursuant to WIS. STAT. § 77.25(15s); (2) one of the transfers was not a "conveyance" subject to the fee; and (3) the Commission erred in upholding the Department's imposition of penalties. We affirm.

## I.

¶ 2. The facts in this case are neither complicated nor disputed. F.M. Management is a Wisconsin limited partnership. *See* WIS. STAT. §§ 178.12(2), 178.40–178.44. F.M. Real Estate is a Wisconsin limited liability company. *See* WIS. STAT. ch. 183. F.M. Management is F.M. Real Estate's only member. *See* WIS. STAT. §§ 183.0102(15), 183.0201, 183.0801.

¶ 3. In April of 1998, F.M. Management deeded to F.M. Real Estate approximately sixty-seven acres in Oak Creek, Wisconsin. The consideration for this transfer was F.M. Management becoming the only member of F.M. Real Estate in return for approximately twenty-five acres of the property that remained after F.M. Real Estate immediately deeded back to F.M. Management forty-two acres. The two transfers were made by warranty deeds, each dated April 9, 1998. No money passed between F.M. Management and F.M. Real Estate in connection with either transfer.

## II.

¶ 4. In assessing the companies' appeal, we review the decision of the Tax Appeals Commission, and not that of the circuit court. *Schwartz v. Wisconsin Dep't of*

*Revenue*, 2002 WI App 255, ¶ 14, 258 Wis. 2d 112, 122, 653 N.W.2d 150, 155. The Commission has the "final administrative authority" over the matters that are the subject of this appeal, and, accordingly, we generally give "great weight" deference to its decisions. *William Wrigley, Jr., Co. v. Wisconsin Dep't of Revenue*, 176 Wis. 2d 795, 801, 500 N.W.2d 667, 670 (1993); *Wolter v. Wisconsin Dep't of Revenue*, 231 Wis. 2d 651, 657–659, 605 N.W.2d 283, 287–288 (Ct. App. 1999).

> Great weight deference is appropriate when: (1) an agency is charged with administration of the particular statute at issue; (2) its interpretation is one of long standing; (3) it employed its expertise or specialized knowledge in arriving at its interpretation; and (4) its interpretation will provide uniformity and consistency in the application of the statute. In other words, when a legal question calls for value and policy judgments that require the expertise and experience of an agency, the agency's decision, although not controlling, is given great weight deference.

*Brown v. Labor and Indus. Review Comm'n*, 2003 WI 142, ¶ 16, 267 Wis. 2d 31, 43–44, 671 N.W.2d 279, 284–285 (footnotes omitted). "Great weight" deference means that an agency's legal conclusions will be upheld if they are "reasonable." *Id.*, 2003 WI 142, ¶ 19, 267 Wis. 2d at 46–47, 671 N.W.2d at 286.

> An agency's conclusion of law is unreasonable and may be reversed by a reviewing court if it directly contravenes the words of the statute or the federal or state constitution, if it is clearly contrary to the legislative intent, history, or purpose of the statute, or if it is without rational basis.

*Ibid.*[1]

¶ 5. Although the Tax Appeals Commission has never before determined the applicability of Wis. Stat. § 77.25(15s) in a case like this, the " 'correct test' " of whether we give great-weight deference to an agency's legal conclusions is whether the agency "has experience in interpreting a particular statutory scheme, not whether it has ruled on precise, or even substantially similar, facts before." *Honthaners Rests., Inc. v. Labor and Indus. Review Comm'n*, 2000 WI App 273, ¶ 12, 240 Wis. 2d 234, 243, 621 N.W.2d 660, 664 (quoted source omitted). The Commission has extensive experience in interpreting and applying other exemption provisions in § 77.25, *Wolter*, 231 Wis. 2d at 657–659, 605 N.W.2d at 287–288, and, perforce, analyzed the issues here based on that experience. Although the "uniformity" aspect of the four-part test recognized by *Brown* is not implicated here, the companies have not presented anything that leads us to conclude that the general rule of giving great deference to decisions of the Tax Appeals Commission does not apply.

¶ 6. In deciding whether the Commission's decision was reasonable, we must determine what the applicable statutes reveal about the legislature's intent in connection with the Wis. Stat. § 77.25(15s) exemption. *See Columbus Park Hous. Corp. v. City of Kenosha*, 2003 WI 143, ¶ 10, 267 Wis. 2d 59, 67–68, 671 N.W.2d 633,

---

[1] We see no meaningful distinction between an interpretation that would be "contrary to the legislative intent" and one that would be "contrary to the . . . purpose of the statute."

637 ("In construing a statute, our primary purpose is to give effect to the legislative intent embodied in the language of the statute.").

> If the language of a statute is clear on its face, we need not look any further than the statutory text to determine the statute's meaning. When a statute unambiguously expresses the intent of the legislature, we apply that meaning without resorting to extrinsic sources of legislative intent. Statutory language is given its common, ordinary and accepted meaning.

*State v. Peters*, 2003 WI 88, ¶ 14, 263 Wis. 2d 475, 481–482, 665 N.W.2d 171, 174 (quoted source and internal citations omitted). As we will see, the words in § 77.25(15s) are not ambiguous. *See Bruno v. Milwaukee County*, 2003 WI 28, ¶ 19, 260 Wis. 2d 633, 644, 660 N.W.2d 656, 661 ("A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses.") (quoted source omitted). Further, as we discuss below, the Commission's application of those words to this case was reasonable. We address the companies' contentions in their logical order.

A. *Conveyance.*

¶ 7. As we have seen, Wis. Stat. § 77.22(1) imposes "a real estate transfer fee . . . on every conveyance not exempted or excluded under" Wis. Stat. §§ 77.21–77.30. Thus, before we get to whether the real-estate transfers were exempt, we must first address the companies' argument that the second transfer—of the forty-two acres—was not a "conveyance."

¶ 8. A " '[c]onveyance' includes deeds and other instruments for the passage of ownership interests in real estate, including contracts and assignments of a

vendee's interest therein." WIS. STAT. § 77.21(1). This is a "very broad" definition. *Wolter,* 231 Wis. 2d at 662, 605 N.W.2d at 290. Nevertheless, the companies argue, as phrased by their brief-in-chief on this appeal, that "there must be both a conveyance and consideration with value for the conveyance" before a transfer is subject to the transfer fee. They contend that F.M. Management paid for its membership in F.M. Real Estate with the twenty-five acres that F.M. Real Estate owned following F.M. Real Estate's return of the forty-two acres to F.M. Management. The companies assert that the two-step deal was designed to, as they put it in their brief-in-chief, "avoid the necessity of going through a formal land division process" in Oak Creek and did not in fact reflect two separate transfers. Thus, they claim that there was no consideration for the forty-two-acre transfer.

¶ 9. The argument that "there must be both a conveyance and consideration with value for the conveyance" for the transfer to be subject to the transfer fee ignores WIS. STAT. § 77.21(3), which recognizes that conveyances subject to the transfer fee include not only those conveyances for "actual consideration," in which case the "actual consideration paid" is the "value" of the conveyance for the purpose of determining the amount of the transfer fee under WIS. STAT. § 77.22(1) ("There is imposed on the grantor of real estate a real estate transfer fee at the rate of 30 cents for each $100 of value."), § 77.21(3)(a), but also includes those conveyances that constitute "a gift, or any deed of nominal consideration or any exchange of properties," § 77.21(3)(b). Each transfer here was accomplished by a separate deed, and whatever the motive for the two-step structure, each deed represented a "conveyance" as

that term is defined by § 77.21(1) and was part of the process by which F.M. Management became a member in F.M. Real Estate. This is true irrespective of whether there was separate consideration for the forty-two-acre transfer, which is a matter that we do not analyze. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed). Accordingly, the Tax Appeals Commission reasonably determined that the transfers, accomplished by the two deeds, were "conveyances."

B. *Claimed Exemption.*

¶ 10. As noted, F.M. Management partnership and F.M. Real Estate company contend that the initial transfer of the approximately sixty-seven acres and the second-step transfer of the approximately forty-two acres were entitled to transfer-fee exemptions under Wis. Stat. § 77.25(15s). As material here, § 77.25 provides:

> The fees imposed by [Wis. Stat. §§ 77.21–77.30] do not apply to a conveyance:
>
> . . . .
>
> **(15s)** Between a limited liability company and one or more of its members if all of the members are related to each other as spouses, as linear ascendants, lineal descendants or siblings, whether by blood or by adoption, or as spouses of siblings and if the transfer is for no consideration other than the assumption of debt or an interest in the limited liability company.

There are thus three requirements that must be met before the exemption kicks in. First, the conveyance must be between "a limited liability company and one or

more of its members." Second, all the members must be "related to each other" in one of the specified ways. Third, the transfer must be "for no consideration other than the assumption of debt or an interest in the limited liability company." Here, the transfers satisfied the first and third prerequisites: the conveyances were between F.M. Real Estate, the limited liability company, and its member, F.M. Management partnership; and we will assume that there was no other consideration for the transfers other than F.M. Management becoming a member in F.M. Real Estate. The Commission upheld the Department's view that the exemption applied only if the member of the limited liability company is a human. This was a reasonable conclusion.

¶ 11. As we have seen, WIS. STAT. § 77.25(15s) provides that a transfer-fee exemption under that subsection only applies if "all of the members" of the limited liability company "are related to each other as spouses, as linear ascendants, lineal descendants or siblings, whether by blood or by adoption, or as spouses of siblings." The companies argue that where there is only one member, that member need not be human because neither humans nor entities may be "related" to themselves.

■■■

¶ 12. In enacting WIS. STAT. § 77.25(15s), the legislature was presumptively aware of the *noscitur a sociis* concept of statutory construction where, "ordinarily the coupling of words denotes an intention that they be understood in the same general sense." *Citizens' Util. Bd. v. Public Serv. Comm'n of Wis.*, 2003 WI App 206, ¶ 8, 267 Wis. 2d 414, 421, 671 N.W.2d 11, 15. "It is presumed that the legislature is cognizant of what language to include or omit when it enacts laws." *Town*

*of Sheboygan v. City of Sheboygan,* 2001 WI App 279, ¶ 9, 248 Wis. 2d 904, 910, 637 N.W.2d 770, 774. Thus, the legislature's use in § 77.25(15s) of words and concepts that can only be applied to humans is strong evidence that it did not intend that subsection to also apply to non-human entities. Indeed, the companies offer no evidence of a contrary intent.[2] If the legislature *had* intended the § 77.25(15s) exemption to apply to non-humans when, as here, that non-human entity was the *only* member of the limited liability company involved in the real estate transfer, the legislature could have easily so provided. Significantly, § 77.25 is replete with examples where the legislature has, *in haec verba,* granted transfer-fee exemptions to entities. Thus, under § 77.25, transfer fees "do not apply to a conveyance:"

- "Pursuant to mergers of corporations," § 77.25(6);

- "Pursuant to partnerships registering as limited liability partnerships under s. 178.40," § 77.25(6d);

- "Pursuant to the conversion of a business entity to another form of business entity" provided some conditions not material here are met, § 77.25(6m); and

---

[2] Although the companies note that under Wis. Stat. § 183.0102(15) a "person" can be a member of a limited liability company and that the word "person" can, under Wis. Stat. §§ 183.0102(18) and 990.01(26), include limited liability companies and partnerships, we are unaware of anything in either law or human experience that equates "spouses," "linear ascendants," "lineal descendants," or "siblings," with non-human entities or that declares that non-human entities can be related to one another by either "blood" or "adoption."

- "By a subsidiary corporation to its parent for no consideration, nominal consideration or in sole consideration of cancellation, surrender or transfer of capital stock between parent and subsidiary corporation," § 77.25(7).

Simply put, had the legislature intended to grant the exemption the companies seek, it could have done so easily—without relying on alchemic, albeit ingenious, statutory deconstruction. The conclusion of the Tax Appeals Commission that F.M. Management partnership and F.M. Real Estate company were not entitled to exemptions under § 77.25(15s) for the two April 9, 1998, real-estate transfers is more than reasonable, and, as did the circuit court, we uphold that conclusion.

C. *Penalties.*

¶ 13. WISCONSIN STAT. § 77.26(8) provides, as material here: "If the department of revenue determines . . . that an exemption was improperly claimed under s. 77.25, the department shall assess and collect a penalty of $25 or 25% of the additional fee due, whichever is greater." The companies argue that the penalty exaction against them was unfair because the Department had previously permitted an exemption under WIS. STAT. § 77.25(15s) where the real-estate transfer was between a limited liability company and a human who was the company's only member, and who thus could not be "related" to any other member, as the section requires. The companies assert in their appellate brief-in-chief that by claiming the exemption, they thus made a "reasonable interpretation" of § 77.25(15s), and "should not be penalized for their inability to anticipate the distinction between different kinds of sole members which was made by the Department after they had claimed the exemption."

¶ 14. First, we doubt that the Department has any discretion under WIS. STAT. § 77.26(8) whether to apply the penalty if there is an improper claim for an exemption. The statute uses the word "shall," and, generally, "shall" creates a mandatory duty. *Hubbard v. Messer*, 2003 WI 145, ¶ 18, No. 02–1701; *State v. Sprosty*, 227 Wis. 2d 316, 324, 595 N.W.2d 692, 696 (1999). Further, the statute also requires that the penalty shall be the "greater" of "$25 or 25% of the additional fee due." The companies have not pointed us to anything that even hints that the Department has discretion whether to impose the penalty mandated by § 77.26(8) or as to how much that penalty should be.

¶ 15. Second, the Department's grant of a WIS. STAT. § 77.25(15s) exemption where the limited liability company had only one member was where that member was human, not a non-human entity. Whether that application of § 77.25(15s) was correct, which we do not have to decide here, it was consistent with the Department's application of the statute here—limiting the subsection to situations where the member of the limited liability company is a human. In our view, it did not take a refined augury to foresee that the exemptions claimed here would be denied. The Tax Appeals Commission acted reasonably in upholding the assessed penalties.

*By the Court.*—Order affirmed.