Daniel W. DETTWILER, Plaintiff-Appellant,†

v.

WISCONSIN DEPARTMENT OF REVENUE,
Defendant-Respondent.

Court of Appeals

*No. 2006AP1660. Submitted on briefs February 27, 2007.*
*—Decided March 27, 2007.*

2007 WI App 125

(Also reported in 731 N.W.2d 663.)

† Petition to review denied 6/12/07.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel W. Dettwiler*.

On behalf of the defendant-respondent, the cause was submitted on the brief of *F. Thomas Creeron III*, assistant attorney general and *Peggy A. Lautenschlager*, attorney general.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. Daniel W. Dettwiler appeals the circuit court's order affirming a determination by the Wisconsin Tax Appeals Commission that rejected his contention that he could subtract claimed gambling losses from his reported gambling income on his 2002 Wisconsin tax return. We affirm.

## I.

¶ 2. As material, the parties stipulated that Dettwiler "claims that he had income from gambling winnings in the amount of $99,252.60" in 2002, and "further claims that during the year 2002 he had gambling losses in the amount of $41,637." Dettwiler "identified his occupation" on his "2002 U.S. Individual Tax Return" as " 'retired.' "

¶ 3. Dettwiler's contention that he should be able to deduct his gambling losses from his gambling winnings focuses on Wis. Stat. § 71.05(6)(b)5, which permits a taxpayer to subtract from his or her "federal adjusted gross income," which is the starting point for a determination of "Wisconsin adjusted gross income," Wis. Stat. § 71.01(13), "[a]ny amounts that are recoveries of federal itemized deductions for which no tax

514

benefit was received for Wisconsin purposes." Dettwiler argues that his gambling losses are those "recoveries." The Tax Appeals Commission disagreed and adopted the position set out in what its opinion characterized as "the Instructions for the Wisconsin Form 1 income tax return," which said that "recoveries" means money the taxpayer received in the taxable year that either wholly or partially reimbursed the taxpayer for an earlier expenditure or loss that the taxpayer deducted from his or her federal taxable income, and that Dettwiler's gambling losses did not qualify. The Wisconsin Form 1 Instructions excerpt, as quoted by the Commission, explains that a taxpayer may subtract from his or her Wisconsin adjusted gross income "any amount included as income on your federal tax return that is a recovery of a federal itemized deduction from a prior year for which you did not receive a Wisconsin tax benefit," and gives the following example:

> You claimed an itemized deduction on your 2001 federal tax return for a casualty loss of $2,000. You could not claim the casualty loss for the itemized deduction credit on your 2001 Wisconsin income tax return. During 2002 you received a reimbursement of $1,000 from your insurance company for part of the casualty loss. The $1,000 reimbursement is included on your federal tax return as a recovery of an amount previously claimed as an itemized deduction. Because you did not claim the casualty loss for the itemized deduction credit for Wisconsin for 2001, the $1,000 is not taxable to Wisconsin for 2002.

The Commission also pointed to the definition of "recoveries" by the Internal Revenue Service in what the Commission indicates is "I.R.S. Publication 525 (2002)": "A recovery is a return of an amount you

515

deducted or took a credit for in an earlier year." Dettwiler does not dispute the accuracy of the Commission's quotation from either the Wisconsin Tax Form 1 Instructions or the Internal Revenue Service Publication.

## II.

¶ 4. We review the decision of the Tax Appeals Commission and not that of the circuit court. *See Schwartz v. Wisconsin Dep't of Revenue*, 2002 WI App 255, ¶ 14, 258 Wis. 2d 112, 122, 653 N.W.2d 150, 155. In reviewing a determination of an administrative agency, we give deference along a gradient that varies with the nature of the agency's expertise and experience. *See UFE Inc. v. Labor & Indus. Review Comm'n*, 201 Wis. 2d 274, 284–287, 548 N.W.2d 57, 61–63 (1996) (discussing the three levels of deference: "great weight deference, due weight deference and *de novo* review"). Even though the circuit court gave the Commission's decision "due weight" because this is the first time the Commission applied WIS. STAT. § 71.05(6)(b)5 in a situation like this, and this is the standard of review suggested by the Department of Revenue (Dettwiler does not contend that any particular standard of review should be applied), *see Wisconsin Dep't of Revenue v. Heritage Mut. Ins. Co.*, 208 Wis. 2d 582, 588–589, 561 N.W.2d 344, 346–347 (Ct. App. 1997) (due-weight review of first-impression decisions by the Tax Appeals Commission), and we have opined previously that an agency's expertise and the need for uniformity of analysis may warrant the "great weight" standard of review even when the issue is a matter of first impression, *F.M. Mgmt. Co. Ltd. P'ship v. Wisconsin Dep't of Revenue*, 2004 WI App 19, ¶ 5,

269 Wis. 2d 526, 533, 674 N.W.2d 922, 926 ("[T]he correct test of whether we give great-weight deference to an agency's legal conclusions is whether the agency has experience in interpreting a particular statutory scheme, not whether it has ruled on precise, or even substantially similar, facts before.") (quoted source and internal quotation marks omitted), the Wisconsin Supreme Court's latest word on the level of deference courts give to an administrative agency requires that our review here must be *de novo* because this is a matter of first impression, *Wisconsin Dep't of Revenue v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶ 35, 299 Wis. 2d 561, 580, 729 N.W.2d 396, 405 ("No deference applies when an agency addresses an issue that is clearly one of first impression."). Thus, although the Tax Appeals Commission is a specialized administrative tribunal with the long-standing responsibility and expertise to interpret and apply Wisconsin's tax laws, *see* Wis. Stat. § 73.01(4), we follow *River City Refuse Removal* and review *de novo* the Commission's decision in this case.

¶ 5.    Unless there is an ambiguity or constitutional infirmity, we apply statutes as they are written. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123124. Here, the applicable statute, Wis. Stat. § 71.05(6)(b)5, is clear and has two interdependent parts:    (1) there must be a "recover[y] of [a] federal itemized deduction[]," (2) "for which no tax benefit was received for Wisconsin purposes." The "tax benefit" rule means that "if an amount deducted from gross income in one taxable year is recoverable in a later year, the recovery is income in the later year." *Schulz v. Wisconsin Dep't of Revenue*, 115 Wis. 2d 542, 544, 340 N.W.2d 563, 565 (Ct. App. 1983). Dettwiler's federal-tax deduction for

517

his wagering losses to the extent authorized by section 165(d) of the Internal Revenue Code, found at 26 U.S.C. § 165(d), did not give to Dettwiler a Wisconsin "tax benefit."[1]

■

¶ 6. Effective January 1, 2000, gambling losses were no longer offset against gambling winnings under the Wisconsin tax code because, effective on that date, Wisconsin no longer permitted as a deduction from Wisconsin taxable income "[m]iscellaneous itemized deductions under the Internal Revenue Code," *see* WIS. STAT. § 71.07(5)(a)7 (2003–04), one of which, the Department contends and Dettwiler does not dispute, was the deduction for "wagering losses," under section 165(d) of the Internal Revenue Code.[2] Dettwiler has not shown, and there is nothing in this Record that indicates, that he recovered money attributable to his federal gambling-loss deduction in connection with

---

[1] Section 165(d) of the Internal Revenue Code says that "[l]osses from wagering transactions shall be allowed only to the extent of the gains from such transactions."

[2] WISCONSIN STAT. § 71.07(5)(a) (1997–98) permitted "a credit" of, as material here, "amounts allowed as itemized deductions under the internal revenue code," with certain exceptions that did not include the deduction for "wagering losses," under section 165(d). Effective January 1, 2000, this was changed by the enactment of 1999 Wis. Act 9, § 1711, which added "[m]iscellaneous itemized deductions under the Internal Revenue Code" to the list of exceptions. *See* 1999 Wis. Act 9, § 9343(20) ("The treatment of section[] . . . 71.07(5)(a)7. of the statutes first applies to taxable years beginning on January 1, 2000."). As we have seen, Dettwiler does not dispute that wagering losses encompassed by section 165(d) of the Internal Revenue Code were federal "[m]iscellaneous itemized deductions" added to the list of exceptions in § 71.07(5)(a)7 by 1999 Wis. Act 9, § 1711.

518

something for which he received a Wisconsin tax benefit. His contention that he should nevertheless be permitted to subtract from his Wisconsin taxable in come the offset permitted by section 165(d) of the Internal Revenue Code is not only circular and without merit, but is wholly contrary to the legislature's decision to eliminate such offsets effective January 1, 2000.[3]

---

[3] Dettwiler points to WIS. STAT. § 71.05(6)(b)29 as reflecting what he says is the legislature's intent that he should be permitted to deduct his 2002 gambling losses from his 2002 gambling winnings irrespective of its enactment of 1999 Wis. Act 9, § 1711. Section 71.05(6)(b)29 reads in full and permits the subtraction from Wisconsin adjusted gross income:

> The amount claimed as a federal miscellaneous itemized deduction under the Internal Revenue Code for repayment of an amount included in income in a previous year to the extent that the repayment was previously included in Wisconsin adjusted gross income, except that no amount that is used in calculating the credit under s. 71.07 (1) may be included in the calculation under this subdivision.

Excluding the reference to WIS. STAT. § 71.07(1), which permits certain credits against income previously taxed under the "claim of right doctrine," *see North Am. Oil Consolidated v. Burnet*, 286 U.S. 417, 424 (1932) ("If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent."), § 71.05(6)(b)29 has three requirements: (1) there must be an "amount claimed as a federal miscellaneous itemized deduction under the Internal Revenue Code," (2) the "claimed . . . federal miscellaneous itemized deduction" must be "for repayment of an amount included in income in a previous year," (3) "to the extent that the repayment was previously included in Wisconsin adjusted gross income." Dettwiler's reliance on § 71.05(6)(b)29 falters on the second and third elements: Dettwiler does not contend that any "repayment was previously included in [his] Wisconsin adjusted gross income."

519

¶ 7. The Tax Appeals Commission decision is perfectly logical, appropriate, and correct. Accordingly, we affirm.

*By the Court.*—Order affirmed.