# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 12, 2019

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP52**

Cir. Ct. No. **2012FA5081**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

IN RE THE CONTEMPT MOTIONS FOR FAILURE TO PAY GAL FEES IN PRZYTARSKI V. VALLEJOS:

ATTORNEY LAURA SCHWEFEL,

PETITIONER-RESPONDENT,

V.

STEPHANIE M. PRZYTARSKI, GARY KRAMSCHUSTER AND SANDRA KRAMSCHUSTER,

RESPONDENTS-APPELLANTS.

APPEAL from an order of the circuit court for Milwaukee County: CAROLINA STARK, Judge. *Affirmed*.

¶1 KESSLER, J.[1] Stephanie M. Przytarski, *pro se*, and Gary and Sandra Kramschuster, *pro se*, appeal an order of the circuit court which (1) established guardian ad litem (GAL) fees for the GAL in an ongoing custody dispute, and (2) refused to sanction the GAL for filing contempt motions against Przytarski and the Kramschusters. We affirm.

## BACKGROUND

¶2 This case has been before this court on numerous other occasions. It has a complicated procedural history. The following facts are established by our previous decisions, as well as the circuit court's thorough summation of the facts in the order from which this appeal is taken.

¶3 This case originated in Waukesha County with the initiation of a paternity action by the State. The court appointed Laura Schwefel as the GAL for the child at issue. The matter was moved to Milwaukee County and the Milwaukee County Circuit Court also appointed Schwefel as the GAL. The circuit court did not set an hourly rate of pay for Schwefel, but instead ordered as follows:

> The hourly compensation rate for the GAL shall be as established by the GAL in writing, and subject to the approval of the judge. While the minimum hourly compensation rate for the GAL approved by the Family Court is $100 per hour, the actual compensation rate for the GAL may reasonably exceed $100 per hour. Objections to the GAL's hourly rate shall be raised prior to or at the first court hearing after appointment or are deemed waived. Unless otherwise ordered by the judge, any amounts due to the GAL, over and above the deposit, shall be paid equally

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

by the parties. If the court determines that one party is indigent, the non-indigent party will be liable for the entirety of the GAL fees but may seek an order requiring reasonable reimbursement from the indigent party. GAL fees are considered in the nature of support.

The order also required each party to pay one-half of a deposit of $1500 by August 31, 2013, and required the parties to pay Schwefel directly.

¶4    In a notification to the circuit court and the parties, Schwefel requested a rate of $200 per hour. Przytarski filed a motion to vacate the order appointing Schwefel as the GAL. At a hearing on August 6, 2013, the circuit court denied Przytarski's motion and set Schwefel's hourly GAL rate at $175. Schwefel submitted a proposed written order memorializing the court's ruling that the GAL hourly rate was set at $175. Przytarski objected to many aspects of the proposed order, but did not specifically object to the GAL's hourly rate. The circuit court did not sign the order. Consequently, no written order regarding the GAL's hourly rate was issued. On November 14, 2014, however, the circuit court issued the following order regarding the payment of GAL fees:

> The Guardian ad Litem fees shall be divided as follows: 25% Maternal Grandparents, 35% Father, and 40% Mother. Each party shall pay a minimum of $200 per month towards their share of the GAL fees commencing on December 1, 2014.

¶5    Throughout the course of their participation in the Milwaukee County case, Przytarski and the Kramschusters filed numerous motions objecting to Schwefel's appointment as the GAL and to the payment of her GAL fees. The circuit court repeatedly and consistently denied these motions.

¶6    As relevant to this appeal, Schwefel filed multiple motions for contempt against Przytarski and the Kramschusters because of their failure to pay the GAL fees. In a written order issued on December 10, 2018, the circuit court

broke down the time periods Schwefel served as GAL, the amounts paid by the parties, and the outstanding amounts owed to Schwefel:

> As a result of [the circuit court's] appointment of the GAL, during the period of time from July 28, 2013 through January 19, 2016, Attorney Schwefel performed 113.2 hours of work reasonably related to her duties as the GAL. Therefore, at a rate of $175 per hour, the total GAL fees owed in this Milwaukee County case for that period of time are $19,810.
>
> Pursuant to [the circuit court's] order on November 14, 2014, Ms. Przytarski is responsible for paying 40% of this amount ($7924) and Mr. and Mrs. Kramschuster are responsible for paying 25% of this amount ($4952.50).
>
> During the period of time from July 30, 2013 through September 11, 2018, Ms. Przytarski paid Attorney Schwefel a total of $8150 for GAL fees. Attorney Schwefel applied $1800 of those payments towards the balance [she] owed for GAL fees in the Waukesha County case. Therefore, only $6350 of those payments is applied towards the GAL fees in this Milwaukee County case for work performed during the period of time from July 28, 2013 through January 19, 2016; and [Przytarski] did not make any overpayment of GAL fees in this Milwaukee County case.
>
> During the period of time from December 3, 2014 through September 1, 2015, Mr. and Ms. Kramschuster paid Attorney Schwefel a total of $1800 for GAL fees. Consequently, they still owe $3152.50 for the GAL fees in [the] Milwaukee County case for work performed during the period of time from July 28, 2013 through January 19, 2016; and they did not make any overpayment of GAL fees in this Milwaukee County case.

(Footnotes omitted.)

¶7      In its December 2018 order, the circuit court withheld making a final decision on Schwefel's contempt motions, but ordered:

- Schwefel to be compensated at an hourly rate of $175 for all of the work performed as a GAL in the Milwaukee County matter;

- Przytarski to pay $1574 in full for GAL work performed during the time period of July 28, 2013, through January 19, 2016;

- Przytarski to make a payment of $200 no later than January 5, 2018. The court stated that it would decide how the balance was to be paid at a hearing on January 15, 2019;

- Przytarski and the Kramschusters to file financial disclosure statements;

- the Kramschusters to pay Schwefel $3152.50 in GAL fees for the time period of July 28, 2013, through January 19, 2016; and

- the Kramschusters to make a payment of $500 no later than January 5, 2018. The court stated that it would decide how the balance was to be paid at a hearing on January 15, 2019.

The court also stated that Schwefel did not owe the parties any reimbursement or return of their GAL fees.

¶8 Przytarski and the Kramschusters filed a notice of appeal[2] prior to the January 15, 2019 hearing, as well as a motion to stay the December 2018 order pending resolution of the appeal by this court. At the January 15, 2019 hearing, the circuit court granted the motion to stay. This appeal follows.

## DISCUSSION

¶9 Przytarski and the Kramschusters make numerous arguments on appeal. We are not bound by the manner in which a party frames the issues. *See*

---

[2] The circuit court issued two orders on December 10, 2018. One order dealt directly with the GAL fees and Schwefel's contempt motions, the other dealt with an array of other motions filed by Przytarski and the Kramschusters, including a motion for judicial disqualification, numerous "[o]bjections," and motions for sanctions against Schwefel. To the extent Przytarski and the Kramschusters appeal any aspect of the motion not dealing with GAL fees, we affirm the circuit court, as the record does not support any other outcome.

5

***Travelers Indem. Co. of Ill. v. Staff Right, Inc.***, 2006 WI App 59, ¶8, 291 Wis. 2d 249, 714 N.W.2d 219. As relevant to the order on appeal, we summarize their arguments as follows: (1) the circuit court erred in issuing the directives of its December 2018 order; (2) Schwefel lacked standing in the circuit court to pursue contempt motions and now lacks standing on appeal; and (3) Schwefel should be subject to sanctions for bringing multiple contempt motions against Przytarski and the Kramschusters. We reject all of Przytarski's and the Kramschusters' arguments.

## I.     The Circuit Court's Order

¶10     Przytarski's and the Kramschusters' arguments, as best as we can tell, are based primarily on the circuit court's factual findings. They contend that there is "no court order specifying in dollars and cents fees to be paid to the guardian ad litem," but they also acknowledge that the order on appeal does specify a "dollars and cents fee," which they somehow contend goes against the best interest of the child. Their arguments are conclusory and unsupported by sound legal analysis.

¶11     We accept the circuit court's findings of fact unless they are clearly erroneous and we search the record to support the court's findings of fact. *See Wilcox v. Estate of Hines*, 2014 WI 60, ¶15, 355 Wis. 2d 1, 849 N.W.2d 280.

¶12     The record belies any claim that the amount of GAL fees owed was not "specified," and the appellants' conclusory arguments to the contrary are meritless. On August 6, 2013, the circuit court established Schwefel's hourly rate at $175. Although the court did not sign the order memorializing that amount, it later issued an order dividing the percentages owed by each party. Clearly the court contemplated that the parties use the hourly rate ordered at the August 6,

2013 hearing. Moreover, the order underlying this appeal also specifically states Schwefel's hourly rate of $175, along with the amount of hours worked, the relevant time periods, the amounts paid, and the amounts outstanding. The record is abundantly clear on the issue of GAL fees owed and not yet paid by the appellants.

¶13    Moreover, the appellants' argument that Schwefel failed to establish an hourly rate of compensation is unsupported by the record. Schwefel filed a proposed order following the circuit court's August 6, 2013 hearing, and also filed numerous contempt motions in which the amount of unpaid compensation was clear. The record clearly supports a finding that Schwefel tried—ad nauseam—to retrieve the fees she earned at the hourly rate approved by the court early on in these proceedings. Any argument to the contrary lacks merit.

## II.    Standing

¶14    Przytarski and the Kramschusters contend that Schwefel lacked standing in the circuit court and lack standing in this court because they claim Schwefel's contempt motions are separate from her representation of Przytarski's child.

¶15    "The central standing question is whether 'a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *See* ***Norquist v. Zeuske***, 211 Wis. 2d 241, 247, 564 N.W.2d 748 (1997) (citations omitted). Standing presents a question of law for our *de novo* review. *See* ***Chenequa Land Conservancy, Inc. v. Village of Hartland***, 2004 WI App 144, ¶12, 275 Wis. 2d 533, 685 N.W.2d 573. It is undisputed that the circuit court ordered Przytarski and the Kramschusters to pay GAL fees for services rendered. They have not paid. Schwefel is an aggrieved party entitled to seek a

judicial remedy for the appellants' failure to abide by an order which Schwefel is entitled to enforce. *See Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 217-18, 418 N.W.2d 14 (Ct. App. 1987) (explaining a person is "aggrieved," and therefore has standing to appeal, if the judgment in question "bears directly and injuriously upon his or her interests," such that the judgment "adversely affect[s]" the person "in some appreciable manner"). Schwefel does not lack standing in either the circuit court or with this court. The appellants' argument to the contrary, under the circumstances here, are meritless.

### III.    Sanctions

¶16    Finally, the record does not in any way support Przytarski's and the Kramschusters' request to issue sanctions against Schwefel for filing contempt motions to collect the funds to which she was entitled. The record demonstrates that Schwefel diligently pursued amounts owed to her and used every judicial resource at her disposal to overcome Przytarski's and the Kramschusters' longstanding attempts to avoid paying court-ordered fees for Schwefel's work as an officer of the court.

¶17    To the extent Przytarski and the Kramschusters believe they have raised issues not addressed by this decision, we conclude that their arguments are not developed and we do not address them further. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is

8

not a performing bear, required to dance to each and every tune played on an appeal.").[3]

¶18    For the foregoing reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] We caution the appellants that continuously filing appeals lacking legal reasoning and developed arguments potentially subjects them to costs for filing frivolous appeals and wastes valuable judicial resources.